### 52987. DASHER v. THE STATE.

SMITH, Judge.

This appeal is from a verdict and judgment against the defendant for driving under the influence.

The evidence shows that the defendant's car was driven off the road and through a fence. The state trooper called to the scene found the defendant and a police officer standing next to the car. When asked what had happened, the defendant said he had lost control of the car while driving. Defendant was then taken into custody and given an intoximeter test to no presumption.

At trial, defendant testified that he had drunk several bottles of wine with a friend about three hours

---

before the incident occurred. The two officers testified that defendant had appeared to be intoxicated when they observed him shortly after the incident, and one testified that he had smelled liquor on defendant's breath.

1. Defendant contends that testimony as to his statement that he was driving the car should have been stricken, since he had not been given Miranda warnings.

The ruling in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) was specifically limited to criminal suspects who had been taken into custody or otherwise deprived of freedom in any significant way. It does not apply to an admission made at the outset of an on-the-scene investigation that had not yet become accusatory. *Davis v. State,* 135 Ga. App. 584 (218 SE2d 297). Hence the defendant's statement, made when the officer arrived at the scene to investigate, was properly admitted in evidence.

2. Defendant enumerates as error the trial court's refusal to conduct a Jackson v. Denno hearing to determine the voluntariness of his statement that he was driving. See Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908).

Jackson held that the accused is entitled to an adequate evidentiary hearing when the voluntariness of a confession is challenged. *Strickland v. State,* 226 Ga. 750 (177 SE2d 238). In the absence of a proper objection, however, there is no requirement for such a hearing. *Watson v. State,* 227 Ga. 698 (182 SE2d 446). Defendant's objection was on Miranda grounds only and did not reach the issue of voluntariness. Hence, enumerated errors 2 and 10 attempt to raise for the first time a question which was not raised in the trial court and therefore present nothing for decision. See *Watson v. State,* supra.

3. The evidence is sufficient to sustain a verdict of guilty. The third and fourth enumerations of error are therefore without merit.

4. The fifth enumeration of error is that the trial court erred in omitting the second sentence of Georgia Code § 26-501 in its charge to the jury. While not incorporating verbatim that sentence — that each element of the crime must be proven beyond a reasonable doubt — the court's charge in its entirety was sufficient to

cover the substance of the Code section. See *Franklin v. State,* 136 Ga. App. 47 (220 SE2d 60). Defendant's enumeration is without merit.

5. Defendant enumerates as error the failure of the trial court to charge that when the evidence only tends to raise a suspicion of guilt it will not support a conviction. Defendant contends that this charge must be given if requested, when the state relies upon and offers only circumstantial evidence.

Where the defendant makes an incriminating statement after the crime occurred, as he did here, the case is not one depending only on circumstantial evidence. *Northcutt v. State,* 228 Ga. 653 (187 SE2d 260). The trial court's refusal to charge as requested was therefore not error.

6. The seventh enumeration of error is that the trial court erred in charging that if all the evidence and circumstances of the case and all reasonable deductions therefrom present two theories, one of innocence and one of guilt, the jury "should" acquit. Defendant contends the charge should read "must" acquit. The charge as given has been found to be without error in *Fleming v. State,* 137 Ga. App. 805 (224 SE2d 792); *Bess v. State,* 138 Ga. App. 528 (226 SE2d 626); and *Butler v. State,* 139 Ga. App. 92 (226 SE2d 889).

7. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1976 — DECIDED NOVEMBER 19, 1976.

*M. Francis Stubbs,* for appellant.
*B. Daniel Dubberly, Jr., Solicitor,* for appellee.

