## 55160. DOYLE v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of burglary. This appeal follows.

1. Appellant asserts that a charge on recent possession was unauthorized by the evidence, amounted to judicial comment on the evidence, and therefore constituted reversible error.

There was evidence to authorize a finding that the accused was observed carrying "something" in front of the burglary victim's house, that the accused got into a late model white Cadillac and drove away, that the homeowner discovered three jars of coins were no longer in his home, that the accused was apprehended by police officials five or six miles from the house in a late model white Cadillac which had broken down, and that three jars of coins identified as those taken from the house were found 20 or 30 feet from the road under a tree. The accused subsequently confessed to taking the jars of coins and placing the jars under a tree.

Under the circumstances, there was no error in charging on recent possession. *Hudson v. State,* 127 Ga. App. 452 (3) (193 SE2d 919).

Nor did the charge as given constitute an expression of opinion. " 'To declare the law applicable to a given state of facts, is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial.' [Cits.]" *Coleman v. State,* 137 Ga. App. 689 (4), 691 (224 SE2d 878).

2. The admission of statements made during an on-the-scene investigation wherein appellant admitted ownership of the white Cadillac was not error for any of the reasons asserted.

Pretermitting the question of whether Miranda warnings were given, such warnings were not necessary. *Dasher v. State,* 140 Ga. App. 517 (1) (231 SE2d 510).

A Jackson-Denno hearing (see Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) was not requested and not required. *Dasher,* supra, Division 2.

3. A Jackson-Denno hearing was held to determine the admissibility of a confession made by appellant.

Appellant did not testify at that hearing. Appellant's counsel did not at that time raise any question as to anything improper regarding the voluntariness of the confession.

"After a careful review of the evidence submitted to the trial judge here, we feel that his determination was not clearly erroneous, and that the confession was properly admitted into evidence." *High v. State,* 233 Ga. 153 (1), 154 (210 SE2d 673).

4. Appellant asserts that the trial court erred in failing (without a request) to charge the jury with the definition of "theft" (the felony involved in this alleged burglary). This enumeration is without merit. See *Cantrell v. State,* 141 Ga. 98 (5) (80 SE 649); *Anderson v. State,* 226 Ga. 35 (2) (172 SE2d 424).

5. There was sufficient evidence to support a conviction. *Gray v. State,* 135 Ga. App. 253 (6) (217 SE2d 482). The trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 18, 1978 — DECIDED FEBRUARY 15, 1978.

*Charles A. DeVaney,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.