## 55283. ARNOLD v. THE STATE.

SHULMAN, Judge.

This appeal is from the denial of a motion for new trial following appellant's conviction on two counts of armed robbery and one count of burglary.

1. An enumeration based on the general grounds is patently without merit. The witnesses for the state provided sufficient evidence to authorize the convictions. See *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131).

2. In his second enumeration of error, appellant asserts that the trial court erred by admitting into evidence testimony concerning statements made by appellant prior to receiving Miranda warnings. The record shows that a police officer observed appellant and another in a car, approached the car, and directed them to get out. The officer then asked appellant if he owned the car and certain items in plain view on the back seat. When appellant responded that he didn't know whose car it was, the officer asked what he was doing in it. Following that conversation, the officer communicated with other police officers and ascertained that the items on the back seat fit the description of items taken in a burglary that day. The

officer then advised appellant that he was under arrest and informed him of his rights.

Under those facts, there was no requirement that the police officer advise appellant of his rights at any time before he did so. The previous questions were an initial inquiry made at the outset of an on-the-scene investigation. *Dasher v. State,* 140 Ga. App. 517 (1) (231 SE2d 510); *Doyle v. State,* 144 Ga. App. 827 (2).

3. During redirect examination of the final witness at the trial, the prosecutor asked an improper question. In response to appellant's motion for mistrial, the trial court informed the prosecutor that the question was improper, unwise and dangerous. He then ruled that the question had not been sufficiently damaging to appellant to warrant a mistrial. Upon returning the jury to the courtroom, the court instructed them that the question was improper and directed them to disregard any implication which may have been contained therein. These curative efforts were within the broad discretion a trial court has in these matters, and we find no abuse of that discretion here. *Wilson v. State,* 235 Ga. 470 (3) (219 SE2d 756).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 30, 1978 — DECIDED MARCH 17, 1978.

*Billy L. Spruell,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.