## 56195. KING v. THE STATE.

Quillian, Presiding Judge.

The defendant appeals her conviction of robbery. Mr. James McLean was looking out of his office window when he saw a lady walking across the parking lot and a man walking behind her. A brown Ford drove into the parking lot. The man "made a motion with his hand to the driver" of the Ford. He ran up behind the lady, grabbed her purse and ran toward the Ford. Mr. McLean left his office and pursued the robber. The Ford stopped in front of a nearby doctor's office. Rev. Robert Duke was leaving the doctor's office when he heard Mr. McLean yell for him to take down the tag number of the Ford. Rev. Duke saw Mr. McLean chasing a man toward him. He wrote down the tag number of the Ford on a check and told the woman who was driving "not to leave, that I had her tag number. . .She was looking directly at me. . .I told her twice. . ." The man got in and they drove away. The tag number and the description of the Ford were phoned in to the police.

The police went to the home of the defendant where she lived with her mother. They saw a Ford fitting the exact description of the car used by the robbers and the tag number also matched. A police officer asked defendant's mother "about the car." The mother said: "my daughter had the vehicle. . .for the past two hours. . ." The defendant then stated that she had the car that morning and had gone to a cafe on State Street where she loaned the car to James Barr. Her description of Barr matched the description given by Mr. McLean of the robber. The defendant was then placed under arrest and taken to police headquarters. At police headquarters she was

identified by Rev. Duke, in a one-on-one confrontation, as the driver of the car used by the robber to escape. The defendant brings this appeal. *Held:*

1. Defendant alleges the court erred in admitting into evidence her statement to the arresting police officer before being advised of "her Miranda rights." We do not agree. Although the police officer testified at one point that "we asked [the defendant] if she had the car. . ." and at other times that her statement was "in response to what her mother had said," the result we reach is the same.

"Miranda warnings are not required at the initial contact" between a police officer and a possible criminal defendant. *Shy v. State,* 234 Ga. 816, 819 (218 SE2d 599). "Terry-type investigative detentions, which are not equivalent to 'custody,' and also the on-the-scene investigations in which a police officer prevents anyone present from leaving before a preliminary investigation is made. . .are recognized, at least implicitly, in Miranda and, of course, in Terry v. Ohio, 392 U. S. 1," as exceptions to the warning requirement. Id. at 819. Further, where a possible criminal defendant "had not been taken into custody or otherwise deprived of his freedom of action in any significant way at the time these answers were given by [the defendant] to the officer's initial inquiry. . .the custodial interrogation condemned by Miranda was not present." *Munsford v. State,* 235 Ga. 38, 41 (218 SE2d 792).

Thus, where the defendant is not in custody — as in the instant case, and responds to an officer's initial inquiry at an on-the-scene investigation that had not become accusatory, Miranda warnings were not required. *Dasher v. State,* 140 Ga. App. 517 (1) (231 SE2d 510); *Doyle v. State,* 144 Ga. App. 827 (2) (243 SE2d 92); *Arnold v. State,* 145 Ga. App. 360 (2) (243 SE2d 743). This enumeration is meritless.

2. It is argued that the "in-court" identification of the defendant was error because it "was impermissibly tainted by an earlier confrontation. . ."

If this procedure was error, it was self-induced. The police officer testified: "She wanted to face and see the one that was accusing her of doing this . . . she didn't believe that he would identify her as being the woman." "A

criminal defendant may in a procedural setting implement choices which have the effect of waiving basic constitutional guarantees." *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612). Having initiated the procedure of which she now complains, we will not permit it to be grounds for reversal. *Sullens v. State,* 239 Ga. 766, 767 (238 SE2d 864). "Induced error is impermissible." *Tamplin v. State,* 235 Ga. 20, 25 (218 SE2d 779). This enumeration is without merit.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JULY 11, 1978 — DECIDED SEPTEMBER 11, 1978.

*August F. Siemon,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.