## 59754. COLLINS v. THE STATE.

DEEN, Chief Judge.

Collins brings this appeal following his convictions for driving under the influence and improper lane usage.

1. Appellant first contends that the trial court erred in overruling his motion to dismiss for failure to grant a speedy trial under Code Ann. § 27-1901.

The record shows that on November 21, 1978, Collins was arrested and received a "Georgia Uniform Traffic Citation, Summons Accusation" by a police officer for DUI and improper lane usage and was ordered to appear in the recorder's court in Marietta on December 6, 1978. On that date, the court ordered the case transferred to the State Court of Cobb County. On February 22, 1979, he filed a "request for trial by jury at the next available term subsequent to the March 26, 1979, hearing on my Motion to Dismiss . . ."

In ruling on the motion to dismiss for lack of a speedy trial, the trial judge held that she was strictly construing Code § 27-1901 and found that the demand was not timely because the accusation was not filed with the clerk until April 11, 1979, that the case was not pending until the accusation is filed and that the demand must be made in the court where the case is pending.

While the solicitor's office may have filed an accusation on April 11, we find that the case was pending in the state court on December 7, 1979. Under the Uniform Traffic Citation and Complaint Form Act, Code Ann. § 92A-2701 et seq., Code Ann. 92A-2702 provides: "Except for offenses tried in the superior courts, all other courts having jurisdiction of the offense shall proceed with the adjudication of the offenses contained within the complaint

without the necessity of filing an indictment or other accusation in order to bring the accused to trial." Thus, the accusation filed by the solicitor's office on April 11 was superfluous as the Uniform Traffic Citation contained the accusation and the defendant's demand for a speedy trial was not premature. There is nothing in the record, however, to show that the demand complied with the provisions of Code Ann. § 27-1901. The State Court of Cobb County had monthly terms of court beginning the first Monday of every month until July of 1979, when the terms were changed to every two months beginning July 2, 1979. Ga. Laws 1979, pp. 2481-2485. Under Code Ann. § 27-1901, appellant was required to make his demand for trial not later than the January term of 1979 or have the special permission of the court to file a demand at a succeeding term. He has not shown that jurors were not empanelled to try his case at either the December or January terms of court or that he filed his demand in February with the special permission of the court.

A speedy trial, however, is also guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States. In determining whether this right has been violated, this court is required to consider four factors: length of the delay, the reason for the delay, the accused's assertion of his right and prejudice to the accused. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101). In the present case only four and one-half months elapsed from the effective date of the motion until trial. To constitute a denial of due process there must be more than the mere passage of time. *Hughes v. State,* 228 Ga. 593 (187 SE2d 135) (1972). The solicitor stated that the reason for the delay was the heavy case load. While a deliberate attempt by the prosecution to delay the trial in order to hamper the defense is weighed heavily against the government, an overcrowded docket is considered to be a more neutral reason although it cannot be overlooked. *Simpson v. State,* 150 Ga. App. 814 (258 SE2d 634) (1979). This court must next consider whether the delay was oppressive or prejudicial to the defendant. The record shows that the defendant was not incarcerated, but was free on bond while awaiting trial. While he may have suffered some mental strain during this period, he has not shown that he was prejudiced in any way by the delay. The defendant is required to show more than a mere claim of prejudice. *Brooks v. State,* 238 Ga. 529 (233 SE2d 783) (1977). At the hearing on his motion in March, Collins was informed that his trial was set for August, but raised no objection. While we are loath to hold that he waived his demand, we find that his failure to object must be weighed against him. We have weighed the four factors as required in Barker v. Wingo, supra, and find that the accused was not denied his right to a speedy trial.

2. The defendant's claim that he was denied a committal hearing in the recorder's court is without merit. After a conviction, the lack of a commitment hearing is not considered to be reversible error. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976). Moreover, the record shows that a committal hearing was held on March 27, 1979, in state court.

3. Collins also contends that the police officer failed to give him the Miranda warnings after he was stopped for an improper lane change. The officer testified that he smelled a strong odor of alcohol when he approached Collins' automobile and asked him if he had had anything to drink. Miranda warnings are not required when a person responds to an officer's initial inquiry at an on-the-scene investigation which has not become accusatory. *King v. State,* 147 Ga. App. 163 (248 SE2d 294) (1978); *Dasher v. State,* 140 Ga. App. 517 (231 SE2d 510) (1976). Here, the defendant was asked to get out of his automobile and after the officer observed his appearance and unsteady gait, he was placed under arrest and given the Miranda warnings. We find no error.

4. Defendant also claims that the trial court erred in denying his objection as to the results of the breath test and that the police officer failed to properly advise him of his right to an independent test. The transcript shows that the court excluded the evidence of the breath test after the state presented its evidence when the defendant objected that the state had not shown that the intoximeter was licensed by the state. His earlier objection had been ruled premature. The court ruled that the state had failed to lay a proper foundation for the test results and the jury was instructed to disregard the testimony. We find no error that was harmful to the defendant. As to the failure of the police officer to inform Collins of his right to an independent blood test, we also find no error. The evidence showed that the officer informed him of his right to an independent chemical test as provided in Code Ann. § 68A-902.1 and Collins stated that he wanted such a test. When the officer asked him if Kennestone Hospital would be acceptable, he agreed that it would be. The officer, however, failed to inform him that the State Crime Laboratory would analyze the blood because he was never asked. Appellant clearly acquiesced in the officer's choice of both the person who drew the blood and the person who analyzed it.

5. The defendant's failure to object at trial to Officer Warren appearing as a witness for the state fails to present this issue to this court for review on appeal. *Bolden v. State,* 150 Ga. App. 298 (257 SE2d 367) (1979).

6. Defendant also complains that the trial court erred in overruling his motion to dismiss because the jury could not disregard

654

the breath test results and that the court's instruction to disregard the evidence of the test could not be cured by instruction. The record shows that the defendant admitted having two drinks during the evening as well as some wine with his dinner. The police officers testified that his automobile was weaving down the road, he had a strong odor of alcohol about his person, that his speech was slurred and his gait was unsteady. There is no evidence to show that the jury did not heed the judge's instruction.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED APRIL 8, 1980 — DECIDED MAY 16, 1980.

*L. Joel Collins*, for appellant.

*Herbert A. Rivers, Solicitor, Richard B. Kuniansky, Assistant Solicitor*, for appellee.