## 68650. WILLIAMSON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of possession of a firearm by a convicted felon; theft by taking; and receiving, retaining and disposing of stolen property. On appeal he contends the trial court erred by admitting, over objection, certain statements of appellant to a police officer, given prior to being advised of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)).

At a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), Banther, a police officer, testified he received a radio call to be on the lookout for a Cadillac with the prestige tag "CAN-CAN," being driven by a black male. A few minutes later Banther saw the car parked, and appellant was getting out of the car. After checking appellant's driver's license and insurance card, Banther asked appellant if it was his vehicle; appellant said "[y]es, sir." Banther then asked appellant if he had been in possession of the car all evening, and he replied, "[y]es, sir, I have, what's the problem?" Appellant contends it was error to admit these statements in

evidence because appellant was a suspect in custody and had not been given the Miranda warnings, as required. We do not agree.

Pretermitting the question of whether appellant was in custody, it is clear the questions asked by Banther were threshold questions to determine whether appellant should be detained as a suspect in the theft of hubcaps. There is no question that Banther had an "articulable suspicion" which justified stopping appellant when he got out of the car and justified checking his identification. See *Brisbane v. State*, 233 Ga. 339, 343 (211 SE2d 294) (1974). Although the *car* was suspected of being used in the theft of hubcaps, appellant himself was not a suspect until Banther learned that appellant owned the car and had been driving it all evening. Miranda warnings are not required when a person responds to an officer's initial inquiry at an on-the-scene investigation which has not become accusatory. *Dasher v. State*, 140 Ga. App. 517, 518 (1) (231 SE2d 510) (1976); *Collins v. State*, 154 Ga. App. 651, 653 (3) (269 SE2d 509) (1980). Hence, it was not error to admit appellant's statements to Banther.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 4, 1984.

*C. Ronald Patton*, for appellant.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney*, for appellee.