69519. HUMPHREY v. THE STATE.
(329 SE2d 306)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of operating a motor vehicle after being declared an habitual violator and after his driver's license had been revoked. *Held:*

1. Defendant contends the State has failed to present sufficient evidence that he was operating a motor vehicle. The State's evidence is that two State troopers were conducting a roadblock, checking driver's licenses, insurance cards and for other traffic violations. Trooper Vaughn observed an approaching automobile pull off the road into a driveway and he "saw the driver get out of the car and go around to the passenger's side . . . the driver originally got in the passenger's side and the passenger slid over. . . ."

Trooper Vaughn advised Trooper Banks that the change of drivers was occurring. When the vehicle reached the roadblock Trooper Banks asked the defendant, who was then seated on the passenger's side of the vehicle, to step out of the vehicle and for his driver's license. Defendant was unable to present a driver's license. Trooper Banks asked the defendant why he was driving and defendant responded that he was driving because his friend (the only other adult in the vehicle and the driver of the vehicle when it reached the roadblock) wanted to eat some chicken. Later Trooper Vaughn asked the defendant the same question and received the same answer. After Trooper Banks' radio request for information revealed defendant's habitual violator status he was arrested.

The defendant presented evidence that he and his friend had pulled into the driveway to throw some beer cans out. Defendant tes-

tified that he had not driven at any time on the day in question.

"The weight of the evidence and credibility of witnesses is for the jury's determination, *Armour v. State*, 154 Ga. App. 740 (270 SE2d 22) (1980), and this court passes on the sufficiency of the evidence, not its weight. *Dillard v. State*, 147 Ga. App. 587, 588 (249 SE2d 640) (1978)." *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d 182). See also *Pattillo v. State*, 250 Ga. 510, 513 (1) (299 SE2d 710). While the evidence was not without conflict, we find that a rational trier of fact reasonably could have found the defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Pattillo v. State*, 250 Ga. 510, 512, (1), supra; *Cooper v. State*, 249 Ga. 58, 60 (287 SE2d 212).

2. Defendant contends the trial court erred in admitting into evidence testimony as to his statements in response to the trooper's questions that he had been driving (in order to allow his friend to eat his chicken). It is not controverted that no *Miranda* warnings (see *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) were given. Defendant contends that *Miranda* warnings were required because his colloquy with the State troopers was an in-custody interrogation.

"A law enforcement officer coming upon the scene of suspected criminal activity will conduct a 'general on-the-scene investigation' and may detain temporarily anyone at the scene who tries to leave before the preliminary investigation is completed. Such detentions do not trigger the requirements of *Miranda v. Arizona*, supra. See *Shy v. State*, 234 Ga. 816, 820 (1) (218 SE2d 599)." *Futch v. State*, 145 Ga. App. 485, 488 (3) (243 SE2d 621). See also *Arnold v. State*, 145 Ga. App. 360 (2) (243 SE2d 743); *Dasher v. State*, 140 Ga. App. 517 (1) (231 SE2d 510); and, *Doyle v. State*, 144 Ga. App. 827 (2) (243 SE2d 92). The evidence shows that defendant had not yet been arrested at the time of his remarks but was being briefly detained pending a response to the trooper's request for information on defendant's driver's license status. This enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 26, 1985 — 

*James W. Howard*, for appellant.

*John M. Ott, District Attorney, Steven A. Hathorn, Assistant District Attorney*, for appellee.