71819. WEBB v. THE STATE.
(345 SE2d 648)

BEASLEY, Judge.

Defendant appeals the jury conviction of driving under the influence in violation of OCGA § 40-6-391 (a) (4).

Off-duty police officer Guest observed defendant's car swerve from the right side of the highway to the left, strike the median wall and overturn. He stopped immediately, ran up to the car and saw two people inside. Guest pulled defendant out from the driver's side of the car by kicking in a window. The second person remained trapped inside, on the passenger's side. Defendant, acting belligerent and

smelling of alcohol, attempted to get back into the car and repeated, "Help him. Help him, I think I killed him." Officer Guest instructed defendant to move out of the way, advising that he would try to get the trapped passenger out. He walked defendant to the back of the car, leaving her with her back to the median and facing three to four lanes of traffic, and returned to attend to the trapped passenger.

Officer Waits arrived at the scene and was told by Guest that he had the situation with the trapped passenger under control and to go speak with the driver who was sitting on the ground by the median wall. When Officer Waits approached defendant, defendant began screaming, "I've killed him." Waits also noticed a strong odor of alcohol coming from her. The officer asked what happened, and defendant stated that she lost control of the car when she thought another car was going to hit her. After emergency medical personnel arrived and concluded upon examination that defendant was not injured, Officer Waits advised defendant she was under arrest for driving under the influence. She was transported to the police department where she was given a breath test, which registered a blood-alcohol level of .23.

1. Appellant asserts that testimony as to her statements at the scene of the accident was wrongly admitted because she had not been advised of her *Miranda* rights.

"The ruling in *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) was specifically limited to criminal suspects who had been taken into custody or otherwise deprived of freedom in any significant way. It does not apply to an admission made at the outset of an on-the-scene investigation that had not yet become accusatory. [Cit.]" *Dasher v. State*, 140 Ga. App. 517, 518 (1) (231 SE2d 510) (1976).

Here, the trial court was authorized to find defendant had not been taken into custody or significantly deprived of her freedom at the time of her statement to Officer Guest and subsequent statement to Officer Waits. The record reflects that Officer Guest escorted defendant to an area where she would not be in the way of rescue attempts of the trapped passenger and where she would not be in traffic so that he could attend to the emergency situation at hand. Defendant was not physically restrained or told not to move. She was told simply to stay out of traffic and out of the way. Appellant's statement to Officer Waits which implied she was the driver was merely a response to the officer's initial on-the-scene inquiry as to what had happened. Contrary to defendant's contention, even if she had been the focus of a criminal investigation at that time, it would not mandate the conclusion that she was in custody. See *Berkemer v. McCarty*, 468 U. S. ___ (3) (104 SC 3138, 82 LE2d 317, 336) (1984); *Mitchell v. State*, 174 Ga. App. 594, 597 (2) (330 SE2d 798) (1985). We find no

*Miranda* violation. *Dasher*, supra; *Williamson v. State*, 171 Ga. App. 904, 905 (321 SE2d 762) (1984); *Collins v. State*, 154 Ga. App. 651, 653 (3) (269 SE2d 509) (1980). The situation had not even reached a point of temporary detention which, if it had, would still not necessarily require *Miranda* warnings. *Humphrey v. State*, 174 Ga. App. 165, 166 (2) (329 SE2d 306) (1985). Moreover, her spontaneous exclamations would not be tested under *Miranda* as they were not responses to police questioning. *Shoemaker v. State*, 165 Ga. App. 124, 125-126 (2) (299 SE2d 414) (1983).

2. Defendant next asserts that the trial court erred in refusing to suppress the evidence of her blurted and anxious statement to Officer Guest on the ground that the state failed to provide her with a copy of it in compliance with her OCGA § 17-7-210 request.

The statute relates only to those statements made by defendant while in police custody. *Yeargin v. State*, 164 Ga. App. 835, 838 (6) (298 SE2d 606) (1982). Because, as discussed in Division 1 of this opinion, the trial court was authorized to conclude from the evidence that defendant was not in police custody at the time of her outburst to Officer Guest, the statement was not subject to discovery pursuant to OCGA § 17-7-210. *Mason v. State*, 177 Ga. App. 184, 186-187 (1) (338 SE2d 706) (1985).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 14, 1986.

*Alton G. Hartley*, for appellant.
*Ralph Bowden, Jr., Solicitor, Elliot Shoenthal, Henry M. Newkirk, Assistant Solicitors*, for appellee.