73094. RASHADA v. THE STATE.
(350 SE2d 323)

CARLEY, Judge.

Appellant was indicted for two counts of aggravated assault. A jury found appellant guilty as to one count and not guilty as to the other. Appellant appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. The admission of evidence of an oral statement that appellant made to a police officer shortly before being arrested is enumerated as error. Appellant urges that evidence of his oral statement should have been excluded because the officer failed to inform him of his rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Contrary to appellant's assertions, the record is clear that he was informed of every right guaranteed to him under *Miranda*, supra. Moreover, the record also indicates that appellant was not "in custody" at the time he made the oral statement in question. Therefore, no warnings were even required. *Shy v. State*, 234 Ga. 816, 818 (218 SE2d 599) (1975); *Humphrey v. State*, 174 Ga. App. 165, 166 (2) (329 SE2d 306) (1985).

2. Appellant enumerates as error the trial court's instruction to the jury on the issue of criminal intent, the contention being that the charge was unconstitutionally burden-shifting. However, the instruction in the instant case is identical to that recently approved by this court in *Parks v. State*, 180 Ga. App. 31, 32 (3) (348 SE2d 481) (1986). Consequently, there was no error.

3. The trial court's original charge to the jury with respect to the statutory definition of aggravated assault included the language of OCGA § 16-5-21 (a) (1). At the State's suggestion, the trial court recalled the jury for the purpose of giving clarifying instructions to the effect that only OCGA § 16-5-21 (a) (2) was applicable in the instant case. Appellant enumerates this recharge as error. Appellant urges that the language employed by the trial court in the recharge was so broad as to instruct the jury not only to disregard the inapplicable portion of its previous charge on the definition of aggravated assault, but also to disregard certain applicable portions of its earlier instructions.

The language employed by the trial court in its recharge is not subject to the construction that appellant would have us place upon it. The record clearly shows that the trial court's recharge informed the jury to disregard *only* the previously given inapplicable definition

of aggravated assault contained in OCGA § 16-5-21 (a) (1). There was no error.

4. Appellant's remaining enumerations of error also relate to the jury charge as given by the trial court. Each of appellant's enumerations and the contentions raised in connection therewith have been considered. In each instance, it is clear that the contested instruction, when considered in the context in which it was given and as a part of the charge as a whole, was a correct statement of the law which did not give the jury impermissible latitude in determining appellant's guilt or innocence. There was no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1986.

*John D. McCord III*, for appellant.

*Robert E. Wilson*, District Attorney, *R. Stephen Roberts*, *Elisabeth G. MacNamara*, Assistant District Attorneys, for appellee.