### 74130. DAUGHERTY v. THE STATE.
(356 SE2d 902)

McMurray, Presiding Judge.

Defendant appeals his conviction of driving under the influence of alcohol. Held:

1. The arresting officer testified that he had gotten out of his patrol car at a "Spur Station" to get something to eat or drink. As the officer returned to his patrol car he noticed defendant leaving a motorcycle parked next to his patrol car and that the defendant was unsteady on his feet. The officer remembered that the motorcycle had not been there when he arrived. The officer got in his patrol car and went across the street and parked as he wanted to see what the defendant was going to do about the motorcycle. Defendant "came out carrying a bag and he went over and strapped it on the back of the motorcycle" (the bag was later found to contain a twelve pack of beer). Defendant then cranked up the motorcycle and drove it over to the gas pumps and put gas in the motorcycle. After putting gas in the motorcycle defendant cranked the motorcycle again "and looked straight at the patrol car and at that time he didn't control the motorcycle too well and it fell over." Defendant got the motorcycle up and pushed it across the street to a house where no lights were on. The officer stopped defendant and asked him for his driver's license. Defendant stated that he did not know whose motorcycle it was and didn't know whose house it was. When the officer asked him why he had the motorcycle if he did not know whose motorcycle it was, defendant "said he was test driving it up the road and back down." As defendant was very unsteady on his feet and had a strong odor of alcohol, the officer arrested defendant. Two blood alcohol reports were stipulated into evidence, the results of a crime laboratory test of a blood sample showing .12 percent of blood alcohol and the results of an intoximeter test showing .13 percent.

Defendant contends that there is insufficient evidence that he was in physical control of a moving vehicle. This contention is incorrect. First, there is evidence of defendant's physical control of a moving vehicle in his statement to the arresting officer that he had been testing the motorcycle up and down the street. Secondly, the testimony of the arresting officer that he saw defendant drive the motor-

cycle from the parking area to the gasoline pumps is evidence of defendant's physical control of a moving vehicle. See in this regard OCGA § 40-6-3 (2). The evidence presented at trial was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Keeler v. State*, 181 Ga. App. 208, 209 (1) (351 SE2d 731).

2. Defendant contends that the trial court erred in allowing testimony as to his statement in response to the arresting officer's question that "he was test driving [the motorcycle] up the road and back down." Defendant argues that he was questioned without any warning under the *Miranda* decision (see *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) and that the trial court erroneously concluded that the interrogation was non-custodial. Although the officer testified that he did not arrest defendant until after the statement at issue was made, the officer also testified on cross-examination that defendant was not free to go at the time the statement was made.

" 'A law enforcement officer coming upon the scene of suspected criminal activity will conduct a "general on-the-scene investigation" and may detain temporarily anyone at the scene who tries to leave before the preliminary investigation is completed. Such detentions do not trigger the requirements of *Miranda v. Arizona*, supra. See *Shy v. State*, 234 Ga. 816, 820 (1) (218 SE2d 599).' *Futch v. State*, 145 Ga. App. 485, 488 (3) (243 SE2d 621). See also *Arnold v. State*, 145 Ga. App. 360 (2) (243 SE2d 743); *Dasher v. State*, 140 Ga. App. 517 (1) (231 SE2d 510); and, *Doyle v. State*, 144 Ga. App. 827 (2) (243 SE2d 92)." *Humphrey v. State*, 174 Ga. App. 165, 166 (2) (329 SE2d 306). The evidence authorized the conclusion that defendant had not yet been arrested at the time of his remarks but was being briefly detained while the officer determined the nature of the situation. See also *State v. Overby*, 249 Ga. 341, 342 (290 SE2d 464), and *Hudgins v. State*, 176 Ga. App. 719, 720 (1) (337 SE2d 378). This enumeration of error is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 28, 1987.

*Charles E. Day*, for appellant.
*John M. Ott, District Attorney, Eugene M. Benton, Assistant District Attorney*, for appellee.