## 76876. GRIZZARD v. THE STATE.
(372 SE2d 683)

SOGNIER, Judge.

Hubert Charles Grizzard was convicted of driving under the influence of alcohol and he appeals.

1. Appellant first enumerates as error the trial court's denial of his motion for directed verdict of acquittal on the general grounds. The record reveals that on the night of November 23, 1986, Officer Wayne Boyer of the Warner Robins Police Department observed a grey Mustang parked in a Hardee's parking lot with the passenger door open and "a pair of legs laying out underneath." Upon investigation, he determined that Frank Foskey, who smelled of alcohol, was "passed out" in the passenger seat. Officer Boyer concluded Foskey was intoxicated, and instructed Foskey and appellant, who had come outside the restaurant, that Foskey should not drive. Later that night, Officer Boyer saw the same grey car, with two occupants, being driven on North Houston Road. He stopped the car and discovered that appellant was driving and Foskey was in the passenger seat. Observing that appellant was unsteady on his feet and smelled of alcohol, Officer Boyer arrested appellant for driving under the influence of alcohol and informed him of his rights under the implied consent law. An intoximeter test subsequently performed on appellant yielded a reading of .13 grams percent by weight of alcohol in the blood. We find this evidence sufficient to authorize the jury to convict appellant of a violation of OCGA § 40-6-391 (a) (4) under the standard enunciated

in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Daugherty v. State,* 182 Ga. App. 730, 731 (1) (356 SE2d 902) (1987).

2. Appellant also contends that the trial court erred by denying his motion to suppress evidence of intoxication, arguing that Officer Boyer did not have probable cause to stop appellant because he was not driving erratically, nor had he committed any traffic violation to justify the stop. We do not agree. A police officer has a limited right to make an investigative stop of a person or vehicle under circumstances short of probable cause for arrest "provided there exists a reasonable and articulable suspicion that the person is involved in criminal activity. See *Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968)." *State v. Golden,* 171 Ga. App. 27, 30 (3) (318 SE2d 693) (1984). Given that Officer Boyer earlier had told the obviously intoxicated person he saw in the car not to drive, and that he then saw the same car on the road but was unable to determine who was driving without stopping the car, he clearly "had a legitimate purpose in stopping the automobile without a traffic violation having occurred in order to ascertain the condition of the driver. . . . Under the evidence the initial stop was reasonable." *State v. Thomason,* 153 Ga. App. 345, 347 (1) (265 SE2d 312) (1980). Thus, the trial court properly denied the motion to suppress. See *McElroy v. State,* 173 Ga. App. 685 (1) (327 SE2d 805) (1985).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Theron M. Moore,* for appellant.
*Carl A. Veline, Jr., Solicitor, Robert E. Turner, Assistant Solicitor,* for appellee.