## 76523. LIPSCOMB v. THE STATE.

POPE, Judge.

A police officer stopped defendant for failure to dim his headlights. When the officer asked him to produce his driver's license and proof of insurance, the police officer "observed the odor of an alcoholic beverage on his breath." The officer asked defendant if he had had anything to drink that day and defendant "said he had a few." Defendant was asked to perform routine field sobriety tests, was given an Alcosensor reading which showed positive results, and was then placed under arrest. Defendant contends that his convictions for failure to dim head lights and for DUI must be reversed because the convictions were based upon evidence gained as a result of an involuntary in-custody statement made without the giving of a *Miranda* warning. *Held*:

No *Jackson-Denno* hearing was requested here, nor was one formally held. However, it is clear from the testimony and from colloquy outside the presence of the jury that at the time the statements were made, defendant was detained only in a traffic stop. "Treatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest." *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317) (1984). Accord *Mitchell v. State*, 174 Ga. App. 594 (2) (330 SE2d 798) (1985); *Humphrey v. State*, 174 Ga. App. 165 (2) (329 SE2d 306) (1985); *Chester v. State*, 157 Ga. App. 191 (276 SE2d 684) (1981). Since defendant was not taken into custody for *Miranda* purposes until the officer arrested him shortly after he made the statements complained of here, his statements prior to the arrest were admissible against him.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 8, 1988.

*Herbert A. Rivers*, for appellant.
*Patrick H. Head, Solicitor, Melodie H. Clayton, Amy A. Hembree, Assistant Solicitors*, for appellee.