A92A0350. LANKFORD v. THE STATE.
(419 SE2d 498)

JOHNSON, Judge.
George W. Lankford was convicted of failure to maintain lane, following too closely, violating the duty of a driver to stop at the scene of an accident, driving under the influence of alcohol, no proof of insurance and driving without a license on his person. Lankford appeals from his conviction and the denial of his motion for a new trial.

1. Lankford contends the trial court erred in allowing evidence

that he refused to take a breath test. It is uncontroverted that the arresting officer read to Lankford his implied consent rights under OCGA § 40-5-55 before asking Lankford to submit to the breath test. Lankford argues, however, that evidence of his refusal to take the test should have been excluded because the officer did not advise him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). This argument is without merit.

"In any criminal trial, the refusal of the defendant to permit chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him." OCGA § 40-6-392 (d). "A refusal to take a blood alcohol test which was requested by a police officer is not an act coerced by the officer, and the refusal is not protected by the privilege against self-incrimination." *Patton v. State*, 170 Ga. App. 807 (2) (318 SE2d 231) (1984), citing *Wessels v. State*, 169 Ga. App. 246 (312 SE2d 361) (1983). Lankford's refusal to take the test is not protected by the privilege against self-incrimination. Accordingly, the court was not required to exclude evidence of Lankford's refusal due to the officer's failure to inform Lankford of his *Miranda* rights. We find no error.

2. Lankford enumerates as error the trial court's denial of his motion to suppress evidence of his field sobriety test. The arresting officer was allowed to testify that at the scene of the traffic stop Lankford was not able to recite the entire alphabet or adequately perform physical dexterity tests. Lankford was not informed of his *Miranda* rights prior to the test. Consequently, Lankford claims, the officer's testimony violated his right against self-incrimination as protected by the fifth amendment of the United States Constitution, by Art. I, Sec. I, Par. XVI of the Georgia Constitution and by OCGA § 24-9-20. This enumeration is without merit.

"[W]e hold that the alphabet test and the physical dexterity tests are not inadmissible under the fifth amendment of the United States Constitution because they were not evidence of a testimonial or communicative nature." *Hughes v. State*, 259 Ga. 227, 228 (2) (b) (378 SE2d 853) (1989). Consequently, the officer's testimony regarding the field sobriety test was admissible and did not violate Lankford's rights under the fifth amendment.

Moreover, we find that there was no violation of Lankford's right not to incriminate himself under the fifth amendment, the Georgia Constitution, or OCGA § 24-9-20, because he was not in custody at the time the field sobriety test was administered. "A law enforcement officer coming upon the scene of suspected criminal activity will conduct a general on-the-scene investigation and may detain temporarily anyone at the scene who tries to leave before the preliminary investigation is completed. Such detentions do not trigger the requirements of *Miranda v. Arizona.*" (Punctuation and citations omitted.)

*Daugherty v. State*, 182 Ga. App. 730, 731 (356 SE2d 902) (1987). Here, the evidence shows that an off-duty police officer observed Lankford commit several traffic offenses. The officer stopped Lankford and noticed that he appeared to be intoxicated. The officer waited with Lankford for approximately three minutes before two other officers arrived to conduct an investigation. The off-duty officer then left the scene. One of the backup officers conducted the field sobriety test before placing Lankford under arrest. "The evidence authorized the conclusion that defendant had not yet been arrested at the time of his [field sobriety test] but was being briefly detained while the officer determined the nature of the situation." *Daugherty v. State,* supra. " 'Treatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest.' [Cits.]" *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853) (1988). Since Lankford was not formally arrested until after the field sobriety test, there was no violation of his right against self-incrimination. The trial court therefore did not err in denying Lankford's motion to suppress.

3. Lankford complains that the trial court erred in failing to direct a verdict of acquittal as to the offenses of failure to maintain lane, no proof of insurance, and driving without a license on his person. Lankford argues that there was insufficient evidence to prove the essential elements of each offense. We disagree.

Lankford made a motion for a directed verdict of acquittal only as to the offense of failure to maintain lane. He made no such motion as to the offenses of no proof of insurance and driving without a license on his person, although he did challenge the sufficiency of the evidence on those two offenses in his motion for a new trial. On appeal, the standard established in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), "is the proper test [to be used] when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for a new trial based upon alleged insufficiency of the evidence." *Humphrey v. State,* 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). One police officer testified that he stopped Lankford after seeing him swerve out of his lane three times, run into the back of another car, and leave the scene of the collision without stopping. Another officer testified that Lankford failed to produce his driver's license and proof of insurance upon request. He also testified that neither of those items was found in Lankford's car during a routine inventory search of the vehicle. Reviewing all the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Lankford guilty of failure to maintain lane, no proof of insurance, and driving without a license on his person. *Jackson v. Virginia,* supra.

4. Lankford challenges the sufficiency of the accusation charging

him with violating the duty of a driver to stop at the scene of an accident. He claims that the accusation fails to set forth all elements of the offense. This argument was not properly raised in the trial court and may not be raised for the first time on appeal.

"Rule 31.1 of the Uniform Superior Court Rules does require all motions and demurrers to be made and filed at or before the time of arraignment unless the time is extended in writing by the judge. In addition, OCGA § 17-7-111 requires such motions to be made in writing. These rules, however, do not preclude an oral objection to the sufficiency of an indictment or accusation at any time during trial if it is so defective that judgment upon it would be arrested. Where the accused desires to take exception to the form of an indictment or accusation, it is essential that he should do so by a demurrer or motion to quash, made in writing and before pleading to the merits." (Punctuation and citations omitted.) *Pullen v. State*, 199 Ga. App. 881 (406 SE2d 283) (1991). In the case at bar, Lankford made no written demurrer or motion to quash the accusation and he made no oral objection to its sufficiency at trial. Accordingly, Lankford waived any objection to the form or sufficiency of the accusation and he may not now raise it on appeal.

5. Lankford contends the trial court erred in admitting evidence of similar transactions. The contention lacks merit.

"Evidence of similar crimes (or transactions) is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime (or transaction). Second, there must be sufficient similarity or connection between the independent crime (or transaction) and the offense charged." (Punctuation and citations omitted.) *Gulley v. State*, 197 Ga. App. 131, 132 (2) (397 SE2d 609) (1990). In the case at bar, the trial court admitted evidence of three similar transactions. All three of the similar crimes and the offense charged involved Lankford driving a motor vehicle under the influence of alcohol and causing a collision. The offense charged and two of the similar transactions occurred in the same county, while the third similar offense occurred in an adjoining county. Further, all four incidents occurred in the evening and, in all but one of the incidents, Lankford was driving the same car. We find sufficient similarity between the three similar transactions and the offense charged. The trial court did not abuse its discretion in admitting the similar transaction evidence. See *Blane v. State,* 195 Ga. App. 504 (1) (393 SE2d 759) (1990).

6. Lankford next enumerates as error the trial court's refusal to give his requested jury charge on accident. " 'A request to charge must be legal, apt, and precisely adjusted to some principle involved

in the case, and be authorized by the evidence.' [Cit.]" *Grant v. State*, 197 Ga. App. 878, 880 (2) (399 SE2d 743) (1990). A charge on accident was not authorized by the issues or evidence in this case. Accordingly, the court did not err in refusing Lankford's requested charge.

*Judgment affirmed. Pope, J., concurs. Carley, P. J., concurs in Divisions 1, 2, 3, 4, and in the judgment.*

DECIDED MAY 13, 1992 —
RECONSIDERATION DENIED JUNE 2, 1992 —

*G. Alan Blackburn*, for appellant.
*Patrick H. Head, Solicitor, Beverly M. Collins, B. Martin First, Assistant Solicitors*, for appellee.