## A92A0505. DUPONT v. THE STATE.
(418 SE2d 803)

SOGNIER, Chief Judge.

Scott T. Dupont was convicted of driving under the influence of alcohol, and he appeals from the denial of his motion for new trial.

1. Appellant contends the evidence was insufficient to support

the verdict. Savannah Police Corporal Kennedy testified that when he responded to a call concerning an automobile accident at 1:50 a.m. on March 17, 1991, he discovered a Volkswagen Jetta had been driven into the rear of a parked car. The Jetta was unoccupied when he arrived, but appellant and another man, who was being treated by emergency rescue personnel, were standing nearby. In response to two questions from Kennedy, appellant stated he was the owner and driver of the car. Upon detecting a strong odor of alcohol emanating from appellant and observing that appellant had dilated pupils and was very unsteady on his feet, Kennedy concluded appellant was intoxicated and took him into custody. Kennedy also opined that appellant was a less safe driver because of his condition. Results of an intoximeter test performed 50 minutes later showed appellant's blood contained .17 grams of alcohol. Kathleen Lee, who resided in the house next to the accident scene, testified that she saw the collision occur and observed a man she identified as appellant alight from the car on the driver's side. She stated that both appellant and his passenger were staggering and appeared intoxicated.

We conclude there was ample evidence from which any rational trier of fact could find beyond a reasonable doubt that appellant was guilty of the charged offense. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Johnson v. State,* 194 Ga. App. 501-502 (1) (391 SE2d 132) (1990).

2. Appellant enumerates as error the trial court's admission of Corporal Kennedy's testimony that appellant had admitted driving the car. Appellant contends that the question occurred during a custodial interrogation and should be excluded because he was not advised of his rights under *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). We disagree with the trial court's conclusion that appellant failed to preserve the issue for appeal, but we agree with the court's ruling on the merits.

Prior to trial, appellant made a motion in limine to exclude the subject evidence, and the trial court denied the motion. Appellant did not object at trial when the testimony was introduced by the State and admitted into evidence. Contrary to the trial court's ruling on appellant's motion for new trial, when a motion in limine is *denied,* the movant need not interpose an additional objection during trial when the evidence is introduced in order to preserve the issue for appeal. *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981).

The testimony, moreover, properly was admitted. *Miranda* warnings are not required when a police officer is conducting a preliminary on-the-scene investigation to determine the nature of the situation. *Shy v. State,* 234 Ga. 816, 818-823 (I) (218 SE2d 599) (1975). Even if the defendant is the focus of investigation, no *Miranda* warning is required when the inquiry is preliminary and has not become accusa-

tory. *Webb v. State,* 179 Ga. App. 101, 102-103 (1) (345 SE2d 648) (1986). Here, upon arriving at the scene and observing a wrecked car with no one inside, Kennedy sought to determine the basic circumstances of the situation. He approached and questioned appellant, the first available source of information the officer encountered. He did not take appellant into custody until later. The question at issue thus fell squarely within the category of on-the-scene investigation for which no *Miranda* warning was needed. See id.; see also *Dasher v. State,* 140 Ga. App. 517, 518 (1) (231 SE2d 510) (1976). "The situation had not even reached a point of temporary detention which, if it had, would still not necessarily require *Miranda* warnings. [Cit.]" *Webb,* supra at 103 (1). Accordingly, we find no error.

3. Appellant next enumerates as error the denial of his mistrial motion made after the court clerk requested all witnesses to stand and be sworn at the beginning of the trial, and specifically requested that appellant, who was not planning to testify, participate in this process. Appellant contended this action impermissibly called the jury's attention to his failure to testify, thereby infringing upon his Fifth Amendment rights. The trial judge agreed with appellant that the clerk's action was inadvisable but determined that no additional instructions to the jury were necessary because his preliminary instructions had adequately informed the jury, and the judge then denied the mistrial motion. Assuming, without deciding, that appellant properly preserved his right to raise this issue on appeal, see *Simmons v. State,* 168 Ga. App. 1, 2-3 (3) (308 SE2d 27) (1983), we find no support in the record for appellant's argument that he was unduly prejudiced by the court clerk's actions. We agree with the trial court that the preliminary instructions given to the jury adequately explained the State's burden of proof and specifically informed the jury that appellant was not required to present any evidence. Accordingly, we hold there was no abuse of discretion by the trial judge in the denial of the motion for mistrial. See generally *Sabel v. State,* 250 Ga. 640, 644 (5) (300 SE2d 663) (1983).

4. Appellant also moved for a mistrial during the State's closing argument after the prosecutor, while commenting on appellant's challenges to the accuracy of the equipment used to test his blood alcohol level, stated to the jury that appellant could have exercised his statutory right to an independent test if he had doubts about the precision of the State's test. Appellant objected to this argument and moved for a mistrial on the ground that it impermissibly shifted to appellant the burden of proving his innocence. The court instructed the prosecutor not to continue that argument but denied the mistrial motion.

We find no error. Had appellant refused to submit to *any* chemical test, that refusal would have been admissible at trial under OCGA § 40-6-392 (d) as positive evidence creating an inference that such a

test, if performed, would have shown the presence of alcohol in his blood. *Givens v. State,* 199 Ga. App. 709 (405 SE2d 898) (1991). Thus, we cannot agree that the prosecutor's argument regarding appellant's failure to take an *additional* test created an impermissible inference. Moreover, we view the prosecutor's remarks as a permissible comment on appellant's failure to adduce rebuttal evidence. See *Williams v. State,* 200 Ga. App. 84, 86 (3) (406 SE2d 498) (1991).

5. Appellant's contention that the trial court improperly increased his sentence because he refused to plead guilty and insisted on a jury trial and did not show remorse is similarly without merit. The lack of remorse is a permissible topic of inquiry during sentencing, *Isaacs v. State,* 259 Ga. 717, 723 (9) (386 SE2d 316) (1989), and the transcript indicates that the trial court considered appellant's decision to plead not guilty as evidence of his failure to show remorse at an earlier point in the proceedings. Moreover, entry of a harsher sentence than that recommended by the State reflects not unconstitutional vindictiveness but rather the risk inherent in electing to go to trial instead of plea bargaining. See *Allen v. State,* 193 Ga. App. 670-672 (388 SE2d 889) (1989).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

Decided May 18, 1992.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, N. Harvey Weitz, Charles V. Loncon,* for appellant.

*Spencer Lawton, Jr., District Attorney, Leonard M. Geldon, Assistant District Attorney,* for appellee.