## A10A1984. WILLIAMS v. THE STATE.
(705 SE2d 332)

MILLER, Presiding Judge.

A jury found Diago Williams guilty of a single count of aggravated assault (OCGA § 16-5-21 (a) (2)). Williams appeals, arguing that (i) the evidence was insufficient to support his conviction, and that the trial court erred (ii) in instructing the jury on aggravated assault and (iii) in denying his motion for mistrial based upon the State's comment as to his failure to produce a witness. Finding no reversible error, we affirm.

Viewed in the light most favorable to the jury's verdict, *Berry v. State*, 274 Ga. App. 366, 367 (1) (618 SE2d 72) (2005), the evidence shows that on August 10, 2002, Williams and his wife attended a social gathering at their neighbor's home. While at the gathering,

---

another guest, Albert Nichols, began picking on Williams verbally, causing Williams to become visibly upset. While the two were in the kitchen, Williams pulled out a gun and fired a shot at the small refrigerator on which Nichols was sitting. Williams then hit Nichols in the head with his gun, and an altercation ensued. Nichols attempted to escape to his parked vehicle, but Williams pursued him and fired two shots into the vehicle where Nichols was sitting.

Following the incident, the police were called to the scene. During the investigation, the police found a shell casing in the kitchen and a bullet hole inside the refrigerator. Williams was subsequently arrested, charged, and convicted of aggravated assault.

1. Williams's claim to the contrary notwithstanding, the evidence was sufficient for a rational trier of fact to find Williams guilty of aggravated assault beyond a reasonable doubt.

At trial, a witness to the incident testified that Williams intentionally fired his gun in Nichols's direction after he became upset with Nichols's jokes. A bullet hole was also found inside the refrigerator where Nichols was sitting. Based on this evidence, a rational trier of fact could conclude that Williams committed the crime of aggravated assault by shooting at, toward, or in the direction of Nichols. OCGA § 24-4-8 (testimony of a single witness is sufficient to establish a fact); *In the Interest of I. C.*, 300 Ga. App. 683, 684 (1) (686 SE2d 279) (2009) (evidence that juvenile fired shots in the direction of the victim sufficed to establish his delinquency of aggravated assault); *Dukes v. State*, 264 Ga. App. 820 (592 SE2d 473) (2003); *Goodman v. State*, 237 Ga. App. 795, 796 (516 SE2d 824) (1999).

2. Williams contends that the trial court erred in failing to instruct the jury on simple assault[1] as an essential element of aggravated assault. We disagree.

As an initial matter, the record fails to indicate that Williams submitted a written request to charge on simple assault. "[T]he failure to give an unrequested charge constitutes reversible error only when the omission is clearly harmful and erroneous as a matter of law in that the charge that was given fails to provide the jury with the proper guidelines for determining guilt or innocence." (Citation omitted.) *Whitaker v. State*, 283 Ga. 521, 526 (4) (661 SE2d 557) (2008). "We will not reverse a conviction on the basis of an erroneous jury instruction unless the instruction, viewed as part of the whole charge, is harmful." (Punctuation and footnote omitted.) *Emmanuel v. State*, 300 Ga. App. 378, 380 (3) (685 SE2d 361) (2009).

---

[1] OCGA § 16-5-20 (a) provides that "[a] person commits the offense of simple assault when he . . . either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury."

Here, the trial court instructed the jury that "[a] person commits the offense of aggravated assault when that person assaults another person by shooting said person or by shooting at, towards, and in the direction of said person with a handgun, which is a deadly weapon." The trial court also charged the jury on the indicted offense, the presumption of innocence, and the State's burden of proof, including its burden "to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." Under these circumstances, the trial court's instruction was sufficient to define the offense charged and provided a proper guideline for the determination of Williams's guilt or innocence. See *Whitaker*, supra, 283 Ga. at 526 (4) (trial court's failure to give unrequested charge on definition of deadly weapon was not harmful error where trial court instructed the jury as to the State's burden of proof and particularly, that the State "had to prove that the aggravated assault was made with a deadly weapon as alleged in the case").

Williams nevertheless contends that *Coney v. State*, 290 Ga. App. 364 (659 SE2d 768) (2008), supports his argument that the trial court's failure to define simple assault in its instruction on aggravated assault constitutes plain legal error. We disagree.

In *Coney*, the defendant was charged with aggravated assault by "making an assault upon [a police officer] with a pistol, a deadly weapon, . . . by shooting said officer[.]" (Punctuation omitted.) Id. at 365. The trial court instructed the jury that "a person commits the offense of aggravated assault when that person assaults another person with a deadly weapon," but did not instruct the jury on the remaining portion of the pattern jury instruction, which includes the statutory definition of assault.[2] Id. at 366 (1). Based on evidence that the defendant and the police officer struggled over a gun and that a gunshot rang out, injuring the officer's hand, the defendant requested a jury charge on criminal negligence in connection with reckless conduct as a lesser included offense of aggravated assault, which charge the trial court gave. Id. at 364, 368 (1), n. 23. Since the evidence raised a question as to whether the defendant was guilty of criminal negligence as a lesser included offense to aggravated

---

[2] The pattern jury instruction on aggravated assault incorporates the statutory definition of assault:

> To constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the defendant (attempted to cause a violent injury to the alleged victim) [or] (intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury).

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.20.21.

assault, we held that the trial court erred in failing to charge the statutory definition of assault. Id. at 365-369 (1).

The instant case, however, is distinguishable from *Coney*. Here, there is no evidence that Williams's acts constituted criminal negligence or reckless conduct. Instead, the evidence showed that Williams intentionally shot at Nichols after becoming angry. Thereafter, Williams fought with Nichols, striking him in the head twice with his gun. Williams then pursued Nichols, who had sought refuge in his truck, and deliberately fired two shots into the truck where Nichols was sitting. Since Williams "has pointed to no evidence that his [gun] discharged as a result of negligence[,]" criminal negligence was not an issue in this case. *Emmanuel*, supra, 300 Ga. App. at 380 (2). Thus, any alleged error in omitting the statutory definition of assault from the trial court's charge on aggravated assault was harmless. *Whitaker*, supra, 238 Ga. at 526 (4); *Emmanuel*, supra, 300 Ga. App. at 380 (3) (where evidence showed that defendant's act of shooting gun was intentional or justified, and criminal negligence and reckless conduct were not at issue, the trial court's failure to instruct the jury on simple assault was harmless).

3. Williams contends that the trial court erred in failing to grant a mistrial when the State in its closing argument improperly commented on his failure to call his wife as a witness. Again, we disagree.

On appeal, we review a trial court's denial of a motion for mistrial for an abuse of discretion. See *Dupont v. State*, 204 Ga. App. 262, 264 (3) (418 SE2d 803) (1992).

During closing argument, the State argued to the jury, "It is important for you to realize also who was not called. [Williams's] wife was not called to the stand. His wife was not called to the stand to say he came home that night and stayed home. We [were not] there. If he went straight home and stayed home that night, why [did not] she come and say it." Williams moved for a mistrial on the grounds that the State's comment on his failure to call a witness improperly shifted the burden to him to produce an alibi witness. After the trial court denied the motion, Williams did not request a curative instruction, but rather renewed the motion for a mistrial. Although Williams preserved the error for appeal (see *Owens v. State*, 250 Ga. App. 61, 62 (550 SE2d 464) (2001)), as discussed in Division 1, supra, the evidence was sufficient to sustain his conviction of aggravated assault beyond a reasonable doubt. In light of the strength of the State's case and the trial court's instructions to the jury explaining the State's burden of proof and the lack of any burden on Williams to introduce evidence or prove his innocence, we conclude that any alleged error was harmless. See *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995) (trial court's denial of defendant's motion for mistrial was harmless when consid-

ered in light of overwhelming evidence of defendant's guilt). See also *Dupont*, supra, 204 Ga. App. at 264 (3) (finding no abuse of discretion in the denial of defendant's motion for mistrial where the trial court's instructions to the jury adequately explained the State's burden of proof and specifically informed the jury that defendant was not required to present any evidence).

*Judgment affirmed. McFadden, J., concurs. Phipps, P. J., concurs in the judgment only.*

DECIDED JANUARY 20, 2011 — 

*Cromwell & Hibbert, Henry A. Hibbert,* for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney,* for appellee.