22531.  ALDRICH v. THE STATE.

SUBMITTED JUNE 8, 1964—DECIDED JUNE 17, 1964—
REHEARING DENIED JULY 6, 1964.

*Dan L. Lanier,* for plaintiff in error.

*Eugene Cook, Attorney General, Richard L. Chambers, Horace E. Campbell, Jr., Assistant Attorneys General,* contra.

DUCKWORTH, Chief Justice. An Act approved March 27, 1941, as thereafter amended (Ga. L. 1941, pp. 449, 452; 1951, pp. 772, 774; 1955, pp. 392, 393; 1956, pp. 83, 85; 1959, p. 27; *Code Ann.* §§ 68-405 and 68-9921), makes it a crime to violate the dimensions, length and weights of motor vehicles as therein provided. Another amendment to this Act, approved March 17, 1960 (Ga. L. 1960, pp. 1122, 1123; *Code Ann.* § 68-406.2), provides that if the operator of a motor vehicle sought to be weighed and measured "shall refuse to stop upon proper order or to drive the vehicle upon the scales as directed . . . said operator shall be punished by a fine not to exceed $200." Thus is seen that by the 1941 Act, supra, operating a vehicle weighing over the maximum allowed is a crime. For the operator to be forced, as is provided in the 1960 Act, to drive his vehicle upon the scales would be compelling him to produce evidence tending to incriminate him. The accused was charged with having refused to obey an order to drive his vehicle onto the scales in violation of the law. He demurred to the accusation upon the ground that the law upon which it was based violated the Constitution, Art. I, Sec: I, Par. VI (*Code Ann.* § 2-106; Const. of 1945) which provides that: "No person shall be compelled to give testimony tending in any manner to incriminate himself." Should the truck, when weighed, be over the weight permitted it would

criminate the operator thereof under the 1941 Act above. There is no question but that for the accused to be forced to obey the portion of the 1960 Act requiring him to drive his vehicle upon the scales would have constituted evidence tending to incriminate him.

This leaves for decision only whether or not "testimony" as found in the Constitution embraces all kinds of evidence? Fortunately, this court has many times decided that question by holding that the word "testimony" means all types of evidence as the following decisions will illustrate. In *Day v. State*, 63 Ga. 667 (2), it was said: "Evidence that a witness forcibly placed defendant's foot in certain tracks near the scene of the burglary, and that they were of the same size, is not admissible. A defendant can not be compelled to criminate himself by acts or words." At page 669, the clause of the Constitution is quoted, and then it is said: "Nor can one, by force, compel another, against his consent, to put his foot in a shoe-track for the purpose of using it as evidence against him on the criminal side of the court." Dealing with the same facts this court in *Elder v. State*, 143 Ga. 363 (85 SE 97), followed the ruling in the *Day* case, supra, and *Evans v. State*, 106 Ga. 519 (32 SE 659, 71 ASR 276).

An extensive discussion of this question is found in *Calhoun v. State*, 144 Ga. 679 (87 SE 893). There the Constitution is quoted and it is then said at page 680: "Its prototype is found in the maxim of the common law, nemo tenetur seipsum accusare, that no man is bound to accuse himself of any crime or to furnish any evidence to convict himself of any crime; and this was brought by our ancestors to America as a part of their birthright. *Marshall v. Riley*, 7 Ga. 367, 370." It was then said at page 681 that: "The constitutional guaranty protects one from being compelled to furnish evidence against himself, either in the form of oral confessions or incriminating admissions of an involuntary character, or of *doing an act* against his will which is incriminating in its nature." (Italics ours.) That opinion recognized the rule then of force that evidence illegally obtained by search was admissible but said it was distinctly different from the rule that any evidence produced by the accused under compulsion was inadmissible.

The foregoing and many more decisions of this court had construed the word "testimony" to embrace any evidence when the identical clause containing this word was written into the 1945 Constitution. The universal rule of construction requires a holding that the framers of that Constitution intended for it to have the meaning theretofore given it by construction. From what has been said it follows that the accusation was subject to the demurrer in that it and the law upon which it was based impinged upon the constitutional rights of the accused. It should have been sustained and the accusation dismissed. All further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*