## 69072. MONTGOMERY v. THE STATE.
### (329 SE2d 166)

Benham, Judge.

On June 11, 1983, appellant was stopped by Marietta police officers after they had determined that he had been traveling at 50 miles per hour in a zone where the posted speed limit was 35 miles per hour. After smelling the odor of alcohol on appellant, observing his bloodshot eyes, and hearing his slurred speech, the officers administered field sobriety tests to appellant. Specifically, appellant was asked to recite the alphabet and touch his finger to his nose. When he experienced difficulty in so doing, he was placed under arrest and informed of his rights under the implied consent law. OCGA § 40-5-55. Appellant was then transported to a police station where he took a breathalyzer test. The administering officer inadvertently voided the test results before they were printed, and appellant was asked to give another breath sample. He complied and, upon completion of that test, asked that yet another test be administered by another operator. See OCGA § 40-6-392 (a) (3). This was also done. Appellant subsequently sought suppression of the results of the breath test and the field sobriety tests, and was denied relief. We granted his application for interlocutory review.

1. Appellant contends that the field sobriety test results are inadmissible because he was not apprised prior to his attempts to perform the tests of his right against self-incrimination, guaranteed by the Georgia Constitution 1983, Art. I, Sec. I, Par. XVI, and OCGA § 24-9-20.

OCGA § 24-9-20, which embodies the constitutional right against self-incrimination (*Harris v. State*, 237 Ga. 718 (7) (230 SE2d 1) (1976)), states that "[n]o person who is charged in any criminal proceeding with the commission of any indictable offense or any offense

punishable on summary conviction shall be compellable to give evidence for or against himself." This statutory proscription is more protective of the individual's right than the Fifth Amendment, which covers only a defendant's statements, since the Georgia statute has been construed to limit the State from forcing an individual to present *evidence*, testimonial or real. *Creamer v. State*, 229 Ga. 511 (3) (192 SE2d 350) (1972); *State v. Armstead*, 152 Ga. App. 56 (2) (262 SE2d 233) (1979). However, OCGA § 24-9-20 is inapplicable to the field sobriety tests in the case at bar because appellant was not a person charged in a criminal proceeding at the time he attempted to complete the tests. Furthermore, he was not in the custody of the police as that phrase has been construed with regard to the establishment of constitutional protections. See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966); *State v. Golden*, 171 Ga. App. 27 (3) (318 SE2d 693) (1984); *Collins v. State*, 154 Ga. App. 651 (3) (269 SE2d 509) (1980). Nor can we say that appellant was compelled to do the field sobriety tests in violation of his right against self-incrimination as guaranteed by the 1983 Georgia Constitution, Art. I, Sec. I, Par. XVI. He was not threatened with criminal sanctions for his failure to perform the tests (compare *Aldrich v. State*, 220 Ga. 132 (137 SE2d 463) (1964)); he was neither physically forced to do the tests (compare *Day v. State*, 63 Ga. 668 (1879)), nor was there a show of force tantamount to an actual use of force (compare *Elder v. State*, 143 Ga. 363 (1) (85 SE 97) (1915)); and appellant did not refuse to perform the tests. Thus, any recitation of individual rights guaranteed by the federal and state constitutions was not necessary at the time appellant was requested to perform the field sobriety test.

2. Appellant urges suppression of the breathalyzer test result on the ground that it was the fruit of an illegal extension of OCGA § 40-5-55. The statute, the implied consent law, provides that an operator of a motor vehicle upon Georgia highways is deemed to have given consent "to a chemical test or tests of his blood, breath, or urine or other bodily substances, for the purpose of determining the alcoholic or drug content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of alcohol or any drug. The test or tests shall be administered at the request of a law enforcement officer . . . Subject to Code Section 40-6-392, the requesting law enforcement officer shall designate which of the aforesaid tests shall be administered." Appellant maintains that the statute required him to submit only to the initial test, the result of which was inadvertently voided through no fault of his. He claims that his forced submission to a second test was violative of OCGA § 40-5-55 and his rights.

We unhesitatingly disagree with appellant's analysis. First, the

statute itself speaks of "test or tests." Second, we agree with the sound reasoning of the trial court: "[w]here, due to inadvertence, a test of a Defendant's breath cannot be completed, and a retest is possible without inconveniencing the Defendant and without delay, such a retest is not a violation of the Defendant's rights and is not a basis for suppression of the results of the test." Contrary to appellant's assertion, we do not see that "an unjust result" necessarily follows from a requirement that appellant supply a reasonable number of bodily substance samples in order that a test may be completed. Under the standard set out by the trial judge, which we now adopt, the authority of a law enforcement officer to require additional samples for retesting will be limited by the reasonableness of the delay and reasonableness of the inconvenience to the defendant. Furthermore, it is apparent that any lengthy delay would be beneficial to a defendant since the alcohol content of blood decreases as time passes. We affirm the trial court's denial of the motion to suppress.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1985 —
REHEARING DENIED MARCH 22, 1985 — ▮▮▮▮▮▮▮

*David S. Marotte*, for appellant.
*Herbert A. Rivers, Solicitor, N. Jackson Cotney, Jr., Assistant Solicitor*, for appellee.