## S93A1467. KEENAN v. THE STATE.
### (436 SE2d 475)

CARLEY, Justice.

A law enforcement officer initially approached appellant to question him about driving in excess of the speed limit. After discussion and observation, however, the officer began to suspect that appellant also had been driving under the influence. The officer requested that appellant perform three field sobriety tests and appellant complied. When the officer requested that appellant submit to an alco-sensor test, however, appellant refused. Appellant was then arrested for driving under the influence and the officer gave him the warnings mandated under the Implied Consent Law. Thereafter, the officer requested that appellant take a State-administered breath test, but appellant refused.

Appellant filed a pre-trial motion to suppress evidence of his post-arrest refusal to take the State-administered breath test, con-

tending that the Implied Consent Law is unconstitutional. The trial court denied the motion and, at the ensuing jury trial, appellant was found guilty of driving under the influence. He appeals from the judgment of conviction and sentence entered on the jury's guilty verdict.

1. Appellant enumerates as error the denial of his motion to suppress.

OCGA § 40-5-67.1 (g) provides that, if requested, an administrative hearing is to be afforded to one whose driver's license has been suspended by the Department of Public Safety on the ground of driving under the influence. Under OCGA § 40-5-67.1 (g) (2), "[t]he scope of the hearing shall be limited to [certain specified] issues. . . ." Appellant contends that the above-cited statutory provision unconstitutionally deprives him of due process because of the limited scope of the hearing provided for therein.

Appellant has no standing to challenge the constitutionality of OCGA § 40-5-67.1 (g) (2). The instant case does *not* involve an administrative hearing to determine whether appellant's driver's license should be suspended, the conduct of which hearing *is* addressed in OCGA § 40-5-67.1 (g) (2). Compare *Bell v. Burson*, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) (1971). It involves a *criminal trial* to determine appellant's guilt of driving under the influence, the conduct of which trial is *not* addressed in OCGA § 40-5-67.1 (g) (2). See *Sheffield v. State*, 184 Ga. App. 141 (1) (361 SE2d 28) (1987); *Wyatt v. State*, 179 Ga. App. 327 (1) (346 SE2d 387) (1986). This court will not address the constitutionality of a statute "when it is challenged by a party whose rights are not affected by it. [Cits.]" *Whittle v. Jones*, 198 Ga. 538, 544 (4) (32 SE2d 94) (1944). See also *Taylor v. State*, 261 Ga. 415 (2) (b) (405 SE2d 496) (1991). Accordingly, our determination of the constitutionality of OCGA § 40-5-67.1 (g) (2) must await an appeal from an administrative suspension of a driver's license, in which appeal that issue has been properly raised. See *Bell v. Burson*, supra. The only issue that appellant has any standing to raise in the instant appeal is whether there is a constitutional impediment to the admission, at his criminal trial for driving under the influence, of evidence of his post-arrest refusal to take the State-administered breath test.

> In Georgia, the [S]tate may constitutionally take a blood sample from a defendant without his consent. [Cit.] Our "Implied Consent Statute" ([cit.]) thus grants a suspect an opportunity, not afforded him by our constitution, to refuse to take a blood-alcohol test. [The statute] grant[s], rather than den[ies], a right to a defendant. We agree with the United States Supreme Court's view that neither choice afforded a defendant is "so painful, dangerous, or severe, or so violative of religious beliefs" that no choice actually exists.

[Cit.] We thus find no compulsion on behalf of the [S]tate and no violation of due process or OCGA § 24-9-20. [Cit.]

*Allen v. State*, 254 Ga. 433, 434 (1) (a) (330 SE2d 588) (1985).

"The legislature grants the right and determines its nature." *Allen v. State*, supra at 434 (1) (b). Although the legislature has granted a driver the right to refuse to take a State-administered test, it has nevertheless mandated that evidence of the exercise of that right shall be admissible in the driver's criminal trial. OCGA § 40-6-392 (d). "A defendant's refusal to take a blood test is certainly relevant and probative in a case such as this one. [Cit.]" *Allen v. State*, supra at 434 (1) (c). It follows that the trial court correctly denied appellant's motion to suppress.

2. Over objection, the State was allowed to introduce evidence regarding appellant's pre-arrest refusal to undergo the alco-sensor test. This evidentiary ruling is enumerated as error.

Appellant urges that the evidence was inadmissible because, prior to requesting that he undergo the alco-sensor test, the officer failed to give him the Implied Consent warnings.

First and foremost, alco-sensor results are not used as "evidence of the amount of alcohol or drug in a person's blood." [Cit.] Instead, the alco-sensor is used as an initial screening device to aid the police officer in determining probable cause to arrest a motorist suspected of driving under the influence of alcohol. [Cits.]

*Turrentine v. State*, 176 Ga. App. 145, 146 (1) (335 SE2d 630) (1985). Since OCGA § 40-6-392 is inapplicable to an initial alcohol screening test, such as the alco-sensor test, there is no requirement that an officer's request that a motorist submit to such a test "be preceded by advising the motorist of [his] right to an independent test. [Cit.]" *Turrentine v. State*, supra at 147 (1).

Appellant further urges that evidence of his refusal to undergo the alco-sensor test was inadmissible under the Fifth Amendment. Contrary to appellant's contentions, however, the trial court was authorized to find that, at the time the request was made, "he was not in the custody of the police as that phrase has been construed with regard to the establishment of constitutional protections. [Cits.]" *Montgomery v. State*, 174 Ga. App. 95, 96 (1) (329 SE2d 166) (1985). Since appellant was not in custody, there was no requirement that the request that he undergo the alco-sensor test be preceded by *Miranda* warnings. See *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853) (1988). Compare *Hughes v. State*, 259 Ga. 227, 228 (2) (a) (378 SE2d 853) (1989). Since the *Miranda* warnings were unnecessary and had

not been given, evidence of appellant's refusal to undergo the alco-sensor test would not be inadmissible as violative of his constitutional right to remain silent. See *Alderman v. State*, 241 Ga. 496, 503 (3) (246 SE2d 642) (1978). Compare *Clark v. State*, 237 Ga. 901 (1) (230 SE2d 277) (1976).

Appellant also contends that the evidence would be inadmissible under OCGA § 24-9-20. That statute,

> which embodies the constitutional right against self-incrimination ([cit.]), states that "[n]o person who is charged in any criminal proceeding with the commission of any indictable offense or any offense punishable on summary conviction shall be compellable to give evidence for or against himself." This statutory proscription is more protective of the individual's right than the Fifth Amendment, which covers only a defendant's statements, since the Georgia statute has been construed to limit the State from forcing an individual to present *evidence*, testimonial or real. [Cits.] However, OCGA § 24-9-20 is inapplicable to the field sobriety tests in the case at bar because appellant was not a person charged in a criminal proceeding at the time he [was requested] to complete the tests.

(Emphasis in original.) *Montgomery v. State*, supra at 95-96 (1).

It follows that the trial court did not err in admitting evidence of appellant's pre-arrest refusal to undergo the alco-sensor test. "[T]here was no violation of [appellant's] right not to incriminate himself under the fifth amendment, the Georgia Constitution, or OCGA § 24-9-20, because he was not in custody at the time the field sobriety test was [requested]." *Lankford v. State*, 204 Ga. App. 405, 406 (2) (419 SE2d 498) (1992).

3. It is urged that the trial court erred in limiting the scope of appellant's cross-examination of the police officer with regard to appellant's understanding of the Implied Consent warnings. "Although the appellant is entitled to a thorough and sifting cross-examination of a witness, the scope of such cross-examination is within the sound discretion of the trial court. [Cits.]" *White v. State*, 253 Ga. 106, 110 (4) (317 SE2d 196) (1984). We find no abuse of the trial court's exercise of that discretion in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1993.

*W. Michael Maloof,* for appellant.

*Cheryl F. Custer, District Attorney,* for appellee.