## A99A1909. BRICE v. THE STATE.
### (529 SE2d 178)

BARNES, Judge.

Mary Margaret Brice appeals from her conviction of driving under the influence of alcohol to the extent she was a less safe driver. In this appeal, Brice contends the trial court erred by (1) admitting the arresting officer's implied consent card; (2) denying her motions in limine to exclude the testimony of witnesses not listed by the State in discovery; (3) allowing the solicitor to state in his place the factual basis for impeaching a prosecution rebuttal witness; (4) denying a motion for a mistrial after allowing unnoticed witnesses to testify for the State; (6) denying her amended motion for new trial based upon prosecutorial misconduct; and (7) denying her motion to recuse the trial judge. For reasons that follow, we affirm.

1. In her first enumeration of error, Brice contends the trial court erred when it admitted the arresting officer's implied consent card over her objection. The arresting officer testified that he read the implied consent warning to Brice from a card he carried at the

time of her arrest and read the warning on this card during his testimony. A photocopy of the officer's card was admitted into evidence by the trial court. Brice's only objection to the admission of the card during the trial was that it was not relevant. As a result, we will not consider any other objections to its admission raised for the first time on appeal. See *Kinney v. State*, 234 Ga. App. 733, 736 (4) (506 SE2d 441) (1998); *Hestley v. State*, 216 Ga. App. 573, 575-576 (2) (455 SE2d 333) (1995).

"[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent [an] abuse of discretion." *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985). The trial court did not abuse its discretion by admitting the implied consent card in a DUI case in which the defendant refused to submit to a breath test.

2. In her second enumeration of error, Brice complains that the trial court should have granted her motion in limine to exclude

> any written or oral evidence concerning the Defendant's detention, arrest, and any subsequent investigation and booking activity, as well as, all oral testimony surrounding the aforementioned events, specifically any mention of the Defendant's alleged refusal to take any test. . . .

According to Brice, this evidence should have been excluded because the arresting officer failed to give her the implied consent warning and *Miranda* warnings before he asked her to blow into an alco-sensor device.[1] We disagree for two reasons.

First, our law does not require officers to read the implied consent warning before asking a suspect to submit to an alco-sensor test. *Keenan v. State*, 263 Ga. 569, 571 (2) (436 SE2d 475) (1993). Second, the record authorized a finding by the trial court that Brice was not in custody at the time she was asked to blow into the alco-sensor device. Id. The arresting officer testified that Brice was not arrested and placed in custody until after she failed to cooperate in the administration of the alco-sensor test. The officer's request that Brice step out of her car did not amount to a custodial arrest. See *State v. Peters*, 222 Ga. App. 484 (474 SE2d 623) (1996). Since Brice was not in custody when the officer asked her to submit to the alco-sensor test, *Miranda* warnings were not required before the request. *Keenan*, supra, 263 Ga. at 571.

3. Brice contends the trial court also erred when it allowed the State to present two rebuttal witnesses, Craig Snell and Sheriff Alvie

---

[1] An alco-sensor device is a preliminary field test for the presence of alcohol.

Kight, who were not identified by the State in response to her demand for a list of the State's witnesses. The record shows that defense counsel injected Snell's name into the trial by saying in his opening statement that Snell argued with the defendant shortly before her arrest. Defense counsel further asserted that the police responded to a suspicious vehicle report Snell made on the evening of Brice's arrest. During this opening, the State objected to defense counsel's use of hearsay evidence regarding Snell's knowledge because neither the State nor Brice had listed Snell as a witness. The trial court instructed defense counsel to "move on."

Snell's name surfaced again during defense counsel's cross-examination of a police officer called by the State. This officer testified that he responded to the report of a suspicious person at the intersection of Irene and Kissingbower Streets. To the best of his knowledge, this call originated from Monroe, who lived at this intersection. After additional cross-examination, the officer acknowledged that Snell lived with Monroe and that Snell had once dated the defendant. He also testified that since he did not receive the report from the Monroe residence, the call could have originated from Snell.

The State rested its case, and the defense presented three witnesses on the first day of trial. One of these witnesses testified during direct examination that the defendant drove to the home of her boyfriend, Snell, on the night of her arrest. On the second day of trial, Brice testified during direct examination that she drove to Snell's home on the evening of her arrest, discovered that he was with another woman, and argued with him in the driveway. After arguing with Snell, she returned to her car and tried to calm down. She further testified that she assumed Snell "called the law to me" when the police arrived a few minutes later. When a police officer asked her "[w]hat was going on back there," she told him, "Just an argument between a boyfriend and a girlfriend." She denied that she was drunk the evening of her arrest.

When the defense rested on the second day of trial, the State called Snell as a rebuttal witness. The trial court allowed Snell to testify and denied Brice's motion in limine to exclude his testimony because he had not been listed as a witness by the State. It also gave defense counsel an opportunity to interview Snell. When called by the State, Snell was uncooperative and told the court he did not want to be a witness. He denied telling the solicitor 30 minutes before his testimony that Brice was drunk when she came to his house the night she was arrested.

At the conclusion of Snell's testimony, the solicitor stated in his place that Snell told him the night before that Brice was drunk the night of her arrest. He further stated that Snell told him again, in the presence of Sheriff Kight, that Brice was drunk that evening.

This conversation occurred during a break on the second day of the trial. The trial court allowed Sheriff Kight to testify after defense counsel was provided time to interview him. Sheriff Kight testified that he was present when the solicitor talked with Snell during a break in the trial. In this conversation, Snell told the solicitor he did not want to testify because he thought it would cause problems between himself and Brice. The sheriff further testified that Snell nodded his head affirmatively when the solicitor reminded Snell he had previously told the solicitor that Brice was drunk.

(a) The trial court did not err by allowing Snell to testify even though his name was not provided to defense counsel before trial. OCGA § 17-16-21 provides:

> [E]very person charged with a criminal offense shall be furnished . . . , on demand, with a list of the witnesses on whose testimony the charge against such person is founded. Without the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state that the evidence sought to be presented is *newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses.*

(Emphasis supplied.)

In this case, the record shows that the State did not become aware that Snell had knowledge of the defendant's condition and conduct on the night of her arrest until after the trial had begun. It further shows that defense counsel's statements and questions during the trial gave the State its first notice of this witness. Defense counsel referred to Snell during his opening statement and asked three different witnesses about Snell's interaction with the defendant on the night of her arrest. Contrary to the assertions of this same defense counsel on appeal, the record does not show that the police officers knew that Snell had interacted with Brice that evening. As a result, the trial court was authorized to accept the solicitor's statement that Snell was a newly discovered witness. Therefore, it did not err when it allowed the State to call Snell as a witness.

(b) Likewise, the trial court did not err when it allowed the State to call Sheriff Kight for the purpose of impeaching Snell with a prior inconsistent statement. OCGA § 17-16-21 obligated the State to provide Brice with a list "of the witnesses on whose testimony the charge against [the defendant] is founded." It does not obligate the State to list unanticipated impeachment witnesses.

4. For the reasons stated in Division 3, the trial court did not err

when it denied Brice's motion for a mistrial based upon the trial court's decision to allow Snell and Kight to testify.

5. The trial court did not err when it allowed the solicitor to lay the foundation for calling Sheriff Kight to impeach Snell by stating in his place the prior inconsistent statement made by Snell in the presence of Sheriff Kight. See OCGA § 24-9-81; *Billings v. State*, 212 Ga. App. 125, 129 (5) (441 SE2d 262) (1994).

6. Brice contends the trial court should have granted her amended motion for new trial based upon prosecutorial misconduct. Brice's sole support for her claim of prosecutorial misconduct was hearsay statements in an affidavit by Snell. The trial court properly refused to consider these hearsay statements and properly denied the amended motion for new trial. See *Wright v. State*, 211 Ga. App. 474, 475 (1) (440 SE2d 27) (1993).

7. In her remaining enumeration of error, Brice contends the trial court improperly denied her motion to recuse instead of referring it to another judge as required by Uniform Superior Court Rule 25.3. We find no error in the trial court's denial of the motion to recuse because it was neither timely filed nor accompanied by the required affidavit. See USCR 25.1; *Thomason v. State*, 199 Ga. App. 875 (1) (406 SE2d 528) (1991); *Wright v. Swint*, 224 Ga. App. 417, 420 (4) (480 SE2d 878) (1997).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 1, 2000.

*M. Francis Stubbs*, for appellant.
*David B. Pittman, Solicitor*, for appellee.