## A01A1133. McKENZIE v. THE STATE.
### (549 SE2d 774)

PHIPPS, Judge.

Several years after this court affirmed criminal convictions entered against Raleigh McKenzie, he filed motions in the trial court for modification of his sentences and recusal of the trial judge. He appeals the order of the trial judge denying his motion to recuse. We affirm.

In 1994, McKenzie was convicted of various sexual offenses in the DeKalb Superior Court. This court conditionally affirmed his convictions in 1996[1] and then finally upheld the convictions the following year.[2] More than three years later, McKenzie filed a motion for sentence modification. Although the trial judge had clearly specified on the sentencing order that certain of the sentences were to be served consecutively to others, McKenzie asserted in his motion that under OCGA § 17-10-10 all sentences should run concurrently because the trial court had not expressly provided for consecutive sentencing. Approximately one week after filing the motion to modify, McKenzie filed a motion to recuse the trial judge. On the date the recusal motion was filed, the court entered an order denying it. Several days later, the court entered another order denying the motion for sentence modification.

1. The State's motion to dismiss this appeal as untimely is denied. The thirtieth day following entry of the order denying the motion for sentence modification fell on Thursday, November 23, 2000, which was Thanksgiving Day. That day and the following day,

---

[1] *McKenzie v. State*, 223 Ga. App. 108 (476 SE2d 868) (1996).
[2] *McKenzie v. State*, 227 Ga. App. 778 (490 SE2d 522) (1997).

Friday, November 24, were designated State holidays.[3] Consequently, the time for filing the notice of appeal was extended to the next business day, Monday, November 27, 2000.[4] On that date, McKenzie filed his notice of appeal from the final judgment. Therefore, the appeal is timely.

2. There was no error in the trial court's denial of the motion to recuse because it was neither timely filed nor accompanied by the affidavit required by Uniform Superior Court Rule 25.1.[5] Moreover, the motion to recuse was filed in connection with the motion for sentence modification, and it would appear that the trial court did not have jurisdiction over the motion for sentence modification.[6] Even if it did have jurisdiction, the record affirmatively shows that the trial court complied with OCGA § 17-10-10 by expressly providing that various of McKenzie's sentences were to be served consecutively. Therefore, McKenzie was properly sentenced.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JUNE 1, 2001 —
RECONSIDERATION DENIED JUNE 29, 2001 — ▮

Raleigh McKenzie, *pro se.*
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[3] OCGA § 1-4-1.
[4] OCGA § 1-3-1 (d) (3).
[5] *Brice v. State*, 242 Ga. App. 163, 167 (7) (529 SE2d 178) (2000).
[6] See *McBee v. State*, 239 Ga. App. 314 (521 SE2d 209) (1999).
[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).