## A07A2462. CLARK v. THE STATE.
(658 SE2d 372)

PHIPPS, Judge.

Steven Gregg Clark was convicted of driving under the influence of alcohol to the extent that it was less safe to drive and of failure to maintain lane. In this appeal, he contends that the trial court erred in admitting evidence of his performance of three field sobriety tests (the horizontal gaze nystagmus, walk and turn, and one-leg stand) and of his refusal to submit to a fourth test (the alco-sensor). He argues that his performance of the first three tests was not consensual and that the admission of evidence of his refusal to perform the fourth violated his right against self-incrimination. Finding no merit in these arguments, we affirm.

At trial, Sergeant Donnie Daves of the Forsyth County Sheriff's Office testified that he stopped a vehicle Clark was driving because he observed it cross the fog line of the highway, come back into its lane of travel, and then cross the centerline. After Daves approached the vehicle and began talking to Clark, he detected a strong odor of an alcoholic beverage and observed that Clark's speech was slurred. After Clark complied with Daves' request that he step out of the vehicle, Daves also noticed that Clark's eyes were bloodshot and watery and, in response to questioning by Daves, Clark admitted that he had been drinking beer.

Daves then asked Clark to perform a series of field sobriety evaluations, and Clark complied. Daves administered the first three field sobriety tests and determined that Clark exhibited six out of six possible clues on the horizontal gaze nystagmus test, four out of eight possible clues on the walk and turn test, and three out of four possible clues on the one-leg stand test. Daves then asked Clark to blow into an alco-sensor machine. When Clark asked Daves if he had to do that, Daves responded in the negative, and Clark said that he did not want to perform that test. Because Daves believed that he had probable cause to arrest Clark for DUI, he handcuffed him, read him Georgia's implied consent warning, and asked him to take an Intoxilyzer 5000 breath test. Clark refused. Before trial, Clark moved in limine to suppress evidence of the results of the first three tests and of his refusal to perform the fourth. After a hearing, the trial court denied the motion.

1. Clark argues that evidence of the results of his performance of the first three field sobriety tests was inadmissible, because he did not voluntarily consent to perform them.

The question presented is whether Clark was compelled to perform these field sobriety tests in violation of the guaranty in Article I, Section I, Paragraph XVI of the Georgia Constitution of 1983 that "[n]o person shall be compelled to give testimony tending in any manner to be self-incriminating." Although this constitutional provision uses the word "testimony," the Supreme Court of Georgia has many times held that that word means all types of evidence.[1] "The constitutional guaranty protects one from being compelled to furnish evidence against himself, either in the form of oral confessions or incriminating admissions of an involuntary character, or of *doing an act* against his will which is incriminating in its nature."[2]

In *Montgomery v. State*,[3] we concluded that a DUI suspect had not been compelled to perform field sobriety tests in violation of his right against self-incrimination, because "[h]e was not threatened with criminal sanctions for his failure to perform the tests; he was neither physically forced to do the tests, nor was there a show of force tantamount to an actual use of force; and [he] did not refuse to perform the tests."[4] Here, as in *Montgomery*, there was no evidence of any threats or force by the officer. The evidence authorized the trial court to find that Clark voluntarily performed the field sobriety tests after being asked by Daves to do so. Accordingly, the court did not err in refusing to suppress evidence of Clark's performance of the tests.

2. Clark next argues that admission of evidence of his refusal to perform the alco-sensor test violated his right against self-incrimination.

A police officer is not required to precede the administration of field sobriety tests with the *Miranda* warning that the suspect has a right to refuse to perform the tests, unless the suspect is "in custody" for *Miranda* purposes, meaning that he has been formally arrested for DUI rather than temporarily detained during a DUI investigation.[5] "The test for determining whether a person is 'in custody' at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary."[6] The evidence

---

[1] *Aldrich v. State*, 220 Ga. 132, 134 (137 SE2d 463) (1964).

[2] Id. (citation and punctuation omitted; emphasis in original).

[3] 174 Ga. App. 95 (329 SE2d 166) (1985).

[4] Id. at 96 (1) (citations omitted).

[5] *State v. Foster*, 255 Ga. App. 704 (566 SE2d 418) (2002); *State v. Leviner*, 213 Ga. App. 99, 103 (4) (443 SE2d 688) (1994).

[6] *State v. Kirbabas*, 232 Ga. App. 474, 475 (502 SE2d 314) (1998) (citations, punctuation and emphasis omitted).

here showed that Daves administered the field sobriety tests to Clark while Clark was under temporary, investigative detention before he was handcuffed and formally arrested for DUI. "Here, the [officer] did not make any statement or otherwise act in such a way that would cause a reasonable person to believe that he was under arrest and not simply temporarily detained for further investigation pursuant to an admission that he had consumed a few drinks."[7] Consequently, Clark was not entitled to *Miranda* warnings before answering whether he would be willing to blow into the alco-sensor machine. Since *Miranda* warnings were unnecessary and had not been given, evidence of Clark's refusal to undergo the alco-sensor test did not violate his right against self-incrimination.[8]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 7, 2008 —
RECONSIDERATION DENIED MARCH 3, 2008.

*Banks & Stubbs, Rafe Banks III, Daisy D. Weeks*, for appellant.
*Leslie C. Abernathy, Solicitor-General, Philip P. Pilgrim, Jr., Assistant Solicitor-General*, for appellee.

---

[7] *Loden v. State*, 271 Ga. App. 632, 633 (610 SE2d 593) (2005) (footnote omitted).

[8] *Keenan v. State*, 263 Ga. 569, 571-572 (2) (436 SE2d 475) (1993).