**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

January 17, 2013

# In the Court of Appeals of Georgia

A12A2414. CRIDER v. THE STATE.

BOGGS, Judge.

Terri Crider appeals from her convictions for driving under the influence (less safe and per se) and failure to maintain a lane, contending the trial court erred by denying her motion to suppress. She asserts that she was in custody and entitled to *Miranda* warnings at the time she was interrogated by the police and asked to perform field sobriety tests. We find no merit in the assertion and therefore affirm.

> When we review a trial court's decision on [motions to suppress] evidence, we construe the evidence most favorably to uphold the findings and judgment, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. When the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citation and punctuation omitted.) *Teele v. State*, Ga. App. (2) (Case No. A12A1649, decided December 14, 2012). So viewed, the record shows that a patrol officer saw a SUV driven by Crider weave within its lane and cross the fog line several times. He activated his emergency lights and stopped Crider. When he first talked with her, he noticed that a strong odor of alcoholic beverage was coming from her breath, that her eyes were bloodshot and glassy, and that her speech was "somewhat slurred." When he asked if she had been drinking, she stated that she had tried to call a taxi, "but it was going to take too long." When he asked her again if she had been drinking, she acknowledged that she had consumed three beers and a couple of shots.

After asking her to step outside of the SUV, the officer asked her if she believed that she was safe to drive and she responded "no, she was not safe to be driving." The officer testified that when he asked her to voluntarily perform some field sobriety evaluations, "[s]he stated that if I was going to give her a DUI, just to go ahead and take her to jail." He then asked her "if she minded if [he] just checked our her eyes and she agreed." After completing the HGN test, the officer asked, and Crider agreed, to perform the walk and turn test. Crider also agreed to participate in

2

a portable roadside breath evaluation. Following the completion of these three field sobriety tests, the officer arrested Crider.

At no time before the completion of the field sobriety tests did the officer tell Crider she was under arrest, place her in handcuffs, or place her in the back of his patrol vehicle. During cross-examination, the officer explained that he does not automatically arrest every driver who admits they are a less safe driver. Instead, he waits until his investigation, including the administration of field sobriety tests, is complete. He recalled two occasions in which he did not arrest drivers following their satisfactory performance of field sobriety tests even though they had acknowledged being less safe to drive. Instead, he required them to wait by the side of the road until someone could pick them up. With regard to Crider, he explained that she was not free to go until after he completed the field sobriety tests because he "had a responsibility to make sure that she didn't get back behind the wheel."

Crider contends that she was entitled to *Miranda* warnings after she admitted to the officer that she had been drinking and was not safe to drive. She argues that "no reasonable person knowing what Ms. Crider knew (she had been drinking) and saying what Ms. Crider said (she should not have been driving)" would believe "they were free to go." We find no merit in this argument based upon application of the correct

3

legal standard for evaluation of whether a DUI suspect is in custody and entitled to *Miranda* warnings.

"As a general rule, *Miranda* warnings are not required while an investigating officer conducts preliminary questioning or field sobriety tests; however, *after* a DUI suspect is arrested, *Miranda* warnings must precede further field sobriety tests in order for evidence of the results to be admissible." (Citation and punctuation omitted.) (Emphasis in original.) *State v. Pierce*, 266 Ga. App. 233, 235 (1) (596 SE2d 725) (2004). The test for determining whether a suspect is under arrest "is whether a 'reasonable person in the suspect's position would have thought the detention would not be temporary.'" (Citations, punctuation and footnote omitted.) *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998). "A reasonable person has been defined as one neither guilty of criminal conduct and thus overly apprehensive nor insensitive to the seriousness of the circumstances." (Citation omitted.) *Turner v. State*, 233 Ga. App. 413, 415 (1) (a) (504 SE2d 229) (1998). And,

> [a]bsent the officer making any statement that would cause a reasonable person to believe that he was under arrest and not temporarily detained during an investigation, the officer's "belief" that probable cause exists to make an arrest does not determine when the arrest is effectuated until the officer overtly acts so that a reasonable person would believe he was under arrest.

4

(Citation and punctuation omitted.) *Pierce*, supra, 266 Ga. App. at 235 (1). Finally, "whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous." (Citation and punctuation omitted.) *DiMauro v. State*, 310 Ga. App. 526, 528 (1) (714 SE2d 105) (2011).

In this case, the officer never told Crider that she was under arrest or that he planned to arrest her. Nor did he place her in handcuffs or the back of his patrol car. He declined her invitation to immediately take her to jail, and instead continued his preliminary investigation to determine whether an arrest was warranted. These facts and circumstances are "insufficient to cause a reasonable person to believe that [her] detention would not be temporary." *Pierce*, supra, 266 Ga. App. at 236 (1). See also *Clark v. State*, 289 Ga. App. 884, 885-886 (2) (658 SE2d 372) (2008) (suspect that admitted consuming alcohol under temporary detention for investigation); *State v. Picot*, 255 Ga. App. 513, 515-516 (2) (565 SE2d 865) (2002) (DUI suspect not under arrest before field sobriety tests even though officer had probable cause to arrest for driving on a suspended license). We therefore affirm the trial court's denial of Crider's motion to suppress.

*Judgment affirmed. Doyle, P. J. and Andrews, P. J., concur.*