**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 10, 2013

# In the Court of Appeals of Georgia

A13A0212. THE STATE v. PRICE et al.

MᴄMɪʟʟɪᴀɴ, Judge.

Appellees Mykell Price and Jonathan Anderson were indicted with the offense of trafficking in cocaine (OCGA § 16-13-31 (a) (1) (A)), and Anderson was also charged with the offense of operating a motor vehicle with an illegal window tint (OCGA § 40-8-73.1). Each appellee filed a motion to suppress, asserting that the traffic stop giving rise to these charges was pretextual and that the traffic stop was unreasonably prolonged. In addition, Price asserted that he was placed under arrest and questioned without being advised of his *Miranda* rights. Following a hearing, the motions to suppress were granted, and the State appeals.

Generally, on appeal from a trial court's ruling on a motion to suppress, the trial court's finding as to disputed facts will be sustained unless clearly erroneous.

But, as here, where the State's evidence presented at the motion to suppress hearing was uncontroverted and no question of witness credibility is presented, the trial court's application of the law to the undisputed facts is subject to de novo appellate review. *Jones v. State*, 314 Ga. App. 107 (722 SE2d 918) (2012); *Walker v. State*, 314 Ga. App. 67, 67 (1) (722 SE2d 887) (2012). Following our review pursuant to this standard, we reverse.

On November 3, 2011, at approximately 2:00 p.m., Price and Anderson were traveling on I-16 when a patrolling Bulloch County deputy sheriff, Deputy Ray Rodriguez, observed that the windows of their vehicle appeared to be illegally tinted. The deputy conducted a traffic stop, checked the windows, and determined the tinted windows were in violation of the law. The deputy also noted that the driver, Anderson, was extremely nervous, his eyes were glazed, and there was an odor of burnt marijuana coming from the vehicle. Based on these observations, the deputy summoned a Statesboro police officer accompanied by a drug dog. Sergeant Jason Kearney with the Bulloch County Sheriff's Department also responded. The Statesboro K-9 unit was nearby and arrived approximately five or six minutes after the traffic stop was initiated. The dog was deployed to execute a free air sniff around

appellees' vehicle and within less than a minute gave a positive response to the odor of one of the substances he was trained to detect.

When Sergeant Kearney arrived at the scene, he began an attempt to identify the passenger, Price. This process was still underway when the K-9 unit arrived. Kearney had observed that upon his initial approach Price was very nervous and seemed to be shaking. After the dog alerted, Kearney got Price out of the vehicle to continue his investigation. Price continued to be nervous and shaking, and the sergeant placed him in handcuffs due to concerns that he was about to flee or fight the officers. As Price was being handcuffed, Kearney told him that he was not under arrest, but was being detained. After Price was handcuffed, Kearney asked him whether he had anything illegal on his person. Price responded that he had "a little bit of . . . weed, in his pocket" that is marijuana, and indicated where he had the contraband which the sergeant described as "half of a joint of marijuana." The sergeant testified that upon finding the contraband, Price was placed under arrest and was further searched. The search disclosed two ounces of cocaine in Price's shoe.

Because the trial court did not explain the reason for granting the motions to suppress, we will address each of the potential grounds asserted by the appellees in their motions to suppress, which the State contends do not support the granting of the

3

motions. To begin with, we find that the traffic stop of the vehicle was not pretextual because the undisputed evidence was that the officer observed what he believed to be a window tint violation, and upon testing the window, the officer testified that its tint was in violation of OCGA § 40-8-73.1. "If an officer witnesses a traffic violation, the ensuing stop is never pretextual, regardless of the officer's subjective intention." *Cuaresma v. State,* 292 Ga. App. 43, 45-46 (1) (663 SE2d 396) (2008). See also *Walker v. State*, __ Ga. App.__, 2013 Ga. App. LEXIS 478 (Case No. A13A0387, decided June 12, 2013); *Berry v. State*, 318 Ga. App. 806, 808 (1), n.3 (734 SE2d 768) (2012).

Appellees also maintain that the traffic stop was unduly prolonged by the attempt to identify the passenger, Price. Based upon concerns for officer safety, we have held that "a police officer may check for outstanding warrants or criminal histories on the occupants of a vehicle at a valid traffic stop . . . as long as under the circumstances they do not unreasonably prolong the stop." (Citation and punctuation omitted.) *Matthews v. State*, 294 Ga. App. 836, 840 (1) (d) (670 SE2d 520) (2008). In this instance, the Sheriff's Department sergeant arrived and began the identification check on Price while the deputy who had made the traffic stop was still talking to Anderson. The sergeant had not finished when the dog arrived and alerted.

4

The time reasonably necessary to accomplish the purpose of a traffic stop includes the time necessary to run a computer check on the driver and on any passengers. See *Davis v. State*, __ Ga. App.__, 2013 Ga. App. LEXIS 481 (Case No. A13A0491, decided June 12, 2013) (stop not unreasonably prolonged to run warrant search on passengers); *Young v. State*, 310 Ga. App. 270, 272-273 (712 SE2d 652) (2011) (K-9 unit arrived while officers still in process of obtaining criminal histories of driver and passenger). Thus, appellees' theory that time is allowed for a computer check of only the driver, but not the passengers, is incorrect.

And this Court has upheld on numerous occasions traffic stops that were less than ten minutes to allow officers to run criminal histories and to complete any paperwork for issuing the citation. See e.g., *Young*, 310 Ga. App. at 270 (ten minute wait); *Wilson v. State*, 318 Ga. App. 59 (733 SE2d 365) (2012) (K-9 requested while officer was issuing citations for the alleged traffic violations and arrived in ten minutes); *Hardaway v. State*, 309 Ga. App. 432 (710 SE2d 634) (2011) (search not unreasonably prolonged when drug dog arrived five minutes after request and while officer was still writing the ticket).

Furthermore, unlike *Nunnally v. State*, 310 Ga. App. 183, 187 (713 SE2d 408) (2011), the evidence in this case shows no abandonment or deviation by the officers

5

from the proper purposes of a traffic stop prior to the dog alerting on the vehicle. Thus, we find that there was no extension of the stop before officers received a basis independent of the traffic stop to investigate a reasonable suspicion that appellees were in possession of contraband. The traffic stop was properly conducted, and appellees' detention was not improperly extended.

Finally, Price asserts that he was placed under arrest when he stepped out of the vehicle and placed in handcuffs, and that incriminating statements he made without being advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966), should be suppressed.

> Georgia law recognizes three tiers of police-citizen encounters: consensual encounters; brief investigatory stops that require reasonable suspicion; and arrests that require probable cause. The determination as to which type of encounter is occurring is a mixed question of law and fact with the legal test being whether the individual was formally arrested or restrained to a degree associated with a formal arrest, not whether the police had probable cause to arrest. Specifically, the test is whether a reasonable person in the suspect's position would have thought the detention would not be temporary.

(Citations and punctuation omitted.) *Christy v. State*, 315 Ga. App. 647, 652 (2) (727 SE2d 269) (2012). "A reasonable person has been defined as one neither guilty of

6

criminal conduct thus overly apprehensive nor insensitive to the seriousness of the circumstances." (Citation and punctuation omitted.) *Crider v. State*, 319 Ga. App. 567, 569 (737 SE2d 344) (2013).

Applying this standard, we find that the second-tier traffic stop was not elevated into an arrest by removing Price from the vehicle and handcuffing him while the sergeant was continuing his investigation. It is undisputed from the video recording that the sergeant told Price at the time he was handcuffed that he was being detained, but was not under arrest. The sergeant also testified without contradiction that he handcuffed Price because of Price's excessive nervousness and because the sergeant feared that Price was going to flee or fight. Under these circumstances, a reasonable person would have recognized that he was not under formal arrest so Price's statement shortly thereafter divulging his possession of marijuana was admissible even in the absence of *Miranda* warnings. *Smith v. State*, 281 Ga. 185, 187 (640 SE2d 1) (2006) ("This Court has recognized that officers may handcuff a suspect during an investigatory stop when such action is either reasonable under the circumstances to protect themselves or the public, or to maintain the status quo."); *State v. Austin*, 310 Ga. App. 814, 821 (2) (714 SE2d 671) (2011) ("[Defendant] was handcuffed for purposes of officer safety after he took on what appeared to be a

fighting stance while being questioned by an officer, but he was explicitly told at that time that he was *not* under arrest and that the handcuffs were for both the officers' safety and his own.") (emphasis in original).

Price also contends that the search of his person was improperly initiated after the drug dog alerted and that a drug dog's alert cannot justify the search of a person. But the record is clear that the marijuana was discovered upon inquiry by the sergeant as to whether Price had any illegal substances on his person and that the possession of marijuana provided probable cause for his arrest. The cocaine that was then found was in the course of a lawful search incident to arrest.

For the foregoing reasons, appellees' motions to suppress evidence should have been denied.

*Judgment reversed. Andrews, P. J., and Dillard, J., concur.*